WALDEN, Judge.
This is an appeal from a denial of post conviction relief under Florida Rules of Criminal Procedure 3.850 without an evi-dentiary hearing. Because the appellant’s allegations were sufficient to merit an evi-dentiary hearing, this court sought to learn the state’s position. On February 19, 1987, this court entered the following order: “Pursuant to Fla.R.Crim.P. 3.850, the state attorney is directed to file an answer or such other responsive pleading as he may feel appropriate as to why this case should not be remanded for an evidentiary hearing as to the voluntariness of appellant’s plea.” To date there has been no response.
For possible historical clarification for the trial court, we note that appellant’s first appeal from the first denial of his motion for post conviction relief without an evidentiary hearing was dismissed by this court, not on the merits, but because it was untimely. Appellant’s second motion for post conviction relief was lost, which circumstance prompted the following order dated April 24, 1986 in a mandamus action, “Ordered that it appears appellant’s 3.850 motion filed January 6, 1984 has been lost or misplaced so that the trial court cannot rule thereon. Accordingly, appellant is directed to file a new 3.850 motion in lieu thereof and the trial court is requested to give said motion expedited disposition.” The current motion for post conviction relief resulted. In sum, this court has not until this time addressed the merits of appellant’s position.
We reverse and remand for an evidentia-ry hearing upon appellant’s motion and as to the voluntariness of appellant’s plea. In the alternative, we reverse and remand with instructions to reconsider appellant’s 3.850 motion and to attach to an order thereon a copy of that portion of the files and records which conclusively shows that appellant is entitled to no relief.
Reversed and remanded for further proceedings consistant herewith.
HERSEY, C.J., and STONE, J., concur.