ZEHMER, Judge.
This is an appeal from a denial of post-conviction relief without an evidentiary hearing. Because appellant’s allegations were sufficient to merit an evidentiary hearing, this court sought to learn the state’s position. On May 26, 1987, the court entered the following order:
Pursuant to Florida Rule of Appellate Procedure 9.140(g), the court requests the attorney general to file herein, on behalf of the state, a brief in response to appellant’s appeal from the lower court’s denial of the rule 3.850 motion. See Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986). Such brief shall be filed within (20) days from the date of this order.
On June 17,1987, the state was granted, at its request, an additional fifteen days with *677 in which to respond. To date no response has been filed.
We find that Hall’s allegations are facially sufficient. Therefore, we reverse and remand with instructions to reconsider appellant’s 3.850 motion and to attach those portions of the file and record which conclusively show that appellant is entitled to no relief or, alternatively, to grant an evi-dentiary hearing. Mills v. State, 507 So.2d 168 (Fla. 4th DCA 1987).
JOANOS and WIGGINTON, JJ., concur.