516 So.2d 342 (1987)
Robert SLAPPY, Appellant,
v.
STATE of Florida, Appellee.
No. BQ-451.
District Court of Appeal of Florida, First District.
December 15, 1987.
*343 Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Elizabeth Masters, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Robert Slappy, appellant, appeals from judgment and sentencing as to the crimes of dealing in stolen property, burglary of a structure, uttering forged instruments, and possession of marijuana. This appeal concerns the issue of whether the trial court erred in retrospectively applying a change, as reflected in a Committee Note, of Rule 3.701(d)(5) of the Florida Rules of Criminal Procedure. We reverse.
Slappy was tried in 4 separate cases on criminal charges. On May 14, 1984, Slappy was found guilty of dealing in stolen property and given 15 years probation. Slappy was also found guilty of burglary of a structure and dealing in stolen property on the same day in a separate case. For the conviction of these crimes, Slappy was placed on consecutive terms of 5 and 15 years probation. In yet another case, on the same date, Slappy was found guilty of burglary of a structure and uttering a forged instrument. For these crimes, he was placed on 5 years probation for the burglary charge to run concurrent with the 3 1/2 year prison term for uttering a forged instrument. On November 17, 1986, Slappy was found guilty of burglary of a structure and possession of marijuana. As a consequence of this, his previous probation orders were revoked.
On November 17, 1986, Slappy appeared for a disposition hearing on all 4 of his cases. A category 5 sentencing guideline scoresheet was prepared listing his 1986 burglary of a structure conviction as the primary offense. The scoresheet also reflects that Slappy's misdemeanor offense (possession of marijuana) was scored as an additional offense. The offenses for which he was on probation were scored as "prior record." Slappy's total point score of 139 called for a 5 1/2 to 7-year sentence. Slappy's attorney objected to this method of scoring, contending that the offenses for which Slappy was on probation should be scored as additional offenses instead of prior record because this was the law in effect at the time Slappy committed the primary offenses. However, a rule change, as reflected in a Committee Note following Rule 3.701(d)(5)[1] required that Slappy's offenses be calculated as reflected on his scoresheet.
Slappy's attorney acknowledged that the Florida Supreme Court ruled in State v. Jackson, 478 So.2d 1054 (Fla. 1985), that rule changes were procedural in nature, and thus could be applied retroactively, but he argued nonetheless that such a retroactive application was an illegal ex post facto violation. Under the former method of scoring, Slappy's recommended sentence would have been 3 years with a one-cell upward movement because of his probation violation. The trial court found the scoresheet had been prepared correctly.
Slappy received, for each sentence of dealing in stolen property, 7 years in prison to run concurrently, followed by concurrent terms of 8 years probation. For each burglary, Slappy received 5 years probation to run consecutively and to commence upon *344 his release from prison. For his misdemeanor of possession of marijuana, Slappy was given a one-year probationary period.
In Miller v. Florida, ___ U.S. ___, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), the United States Supreme Court held that application of a revised guidelines law to a defendant prior to the law's effective date violated the ex post facto clause of article I of the United States Constitution. The Miller court stated that in order for a law to fall within the ex post facto prohibition, it must apply to events occurring before its enactment and it must also disadvantage the offender affected by it. Florida case law holds that Committee Notes are treated the same as sentencing guidelines which are, of course, part of the Florida Rules of Criminal Procedure. See Bordeaux v. State, 471 So.2d 1353 (Fla. 1st DCA 1985). If the retrospective application of a revised guidelines law violates the ex post facto clause, as it was found to have done in Miller, it follows that a Committee Note which applies retrospectively constitutes a similar violation.
REVERSED.
BOOTH, J., and BOWER, N. RUSSELL, Associate Judge, concur.
NOTES
[1] The applicable section of the Committee Note reads:

For any offense where sentence was previously suspended pursuant to the imposition of probation and such offense is now before the court for sentencing, upon a revocation of that probation based upon a subsequent criminal offense (which subsequent offense is also before the court for sentencing at the same time), the earlier offense shall be scored as "prior record" and not as "additional offense."