WENTWORTH, Judge.
Appellant seeks review of sentences imposed for burglary and grand theft, and upon revocation of probation for prior burglaries and an aggravated assault. All of the offenses were before the court for sentencing at one time, and the sentences were imposed pursuant to the Fla.R.Crim.P. 3.701 sentencing guidelines. We find that the crimes for which probation was revoked were improperly scored as prior record rather than additional offenses, resulting in an incorrect recommended sentencing range. We therefore vacate the sentences appealed and remand the cause for resentencing.
Appellant was placed on probation for two burglaries and an aggravated assault which occurred in 1985. At that time case law established that these crimes should be scored under the sentencing guidelines as additional offenses if the probation were subsequently revoked and sentence imposed with a new primary offense. See Hallback v. State, 479 So.2d 865 (Fla. 5th DCA 1985). The sentencing guidelines were thereafter amended, and a revised committee note to Fla.R.Crim.P. 3.701(d)(5) now specifies that in such circumstances the offenses for which probation is revoked should be scored as prior record. While the Sentencing Guidelines Commission proposed this revision in order to “clarify its intent,” see The Florida Bar re: Rules of Criminal Procedure (Sentencing Guidelines, 3.701, 3.988), 482 So.2d 311 (Fla. 1985), it has nevertheless been held that a retroactive application of this revision would be an ex post facto violation and is thus impermissible. See Slappy v. State, 516 So.2d 342 (Fla. 1st DCA 1987).
Unlike Slappy, supra, in the present case the revocation of appellant’s probation was based upon the commission of a new offense after the adoption of the amended guidelines and revised committee note to Rule 3.701(d)(5). However, we find that the prohibition against retroactive application is equally applicable in these circumstances, and appellant’s earlier crimes for which probation was revoked should have been scored as additional offenses on his new guidelines scoresheet.
Accordingly, we vacate the sentences imposed and remand the cause for resentenc-ing.
MILLS, J., concurs.
BARFIELD, J., concurs with written opinion.