553 So.2d 768 (1989)
Felton Leroy HINGSON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1427.
District Court of Appeal of Florida, First District.
December 15, 1989.
*769 Felton Leroy Hingson, pro se.
No appearance by appellee.
ERVIN, Judge.
Appellant appeals the trial court's summary denial of two motions for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 in Case No. 86-205 and Case No. 86-207. Appellant's contentions with regard to Case No. 86-207 are without merit, therefore, we affirm the trial court's order in that case. However, we reverse the order of denial in Case No. 86-205, because we cannot determine from the record before us that appellant is entitled to no relief.
Appellant entered into plea negotiations with the state attorney regarding four counts in Case No. 86-205, and ultimately pled nolo contendere to attempted sexual battery and lewd act upon a child. A sentencing guidelines scoresheet which accompanied appellant's offer of plea, indicated a total score of 431 points. The recommended prison range for this score was between 17 and 22 years; appellant agreed to the state attorney's recommendation of 20 years.[1] At the time of his conviction in this case, appellant was on probation for previous crimes. He asserts that these previous offenses were improperly scored under the "prior record" category of the scoresheet pursuant to Florida Rule of Criminal Procedure 3.701(d)(5), which had been amended effective October 1, 1986. Indeed, under the sentencing guidelines rules that were in effect when appellant committed the earlier offenses, appellant's probation violations should have been scored as "additional offenses at conviction." Mincey v. State, 525 So.2d 465 (Fla. 1st DCA 1988); Peterson v. State, 523 So.2d 168 (Fla. 1st DCA 1988); Slappy v. State, 516 So.2d 342 (Fla. 1st DCA 1987).
Appellant claims that if his previous offenses had been properly scored, his total score would have been 363 points, with a recommended range of 12 to 17 years in prison, rather than 431 points, with a recommended range of 17 to 22 years. If appellant based his plea, agreeing to the state attorney's recommendation of 20 years' imprisonment, upon a belief that his guidelines score resulted in a recommended range of 17 to 22 years instead of 12 to 17 years, then his plea may be considered involuntary. The supreme court has held that a defendant should be permitted to withdraw a guilty plea when the plea was based upon a misapprehension of facts. Forbert v. State, 437 So.2d 1079, 1081 (Fla. 1983); Cleveland v. State, 394 So.2d 230 (Fla. 5th DCA 1981); Britt v. State, 352 So.2d 148 (Fla. 2d DCA 1977).
It is, nevertheless, impossible to ascertain from the record before us which offenses were scored as "prior record." The trial court should therefore conduct an evidentiary hearing to determine whether the scoresheet was improperly scored, and, *770 if so, whether appellant was influenced by the erroneous score in entering his plea.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
SHIVERS, C.J., and NIMMONS, J., concur.
NOTES
[1] Because Hingson received concurrent and consecutive sentences for other crimes not at issue here, his total sentence was 22 years' imprisonment.