WOLF, Judge.
Kelly appeals from a final order denying his rule 3.800(a), Florida Rules of Criminal Procedure, motion for correction of sentence.
Appellant asserts that the sentence which was imposed after entry of a negotiated plea exceeds the sentence which could be imposed pursuant to sentencing guidelines. The sole issue concerns the appropriateness of the scoring of 200 points for victim injury.
The trial court found that appellant stipulated to the scoring of 200 points pursuant to the plea agreement and denied Kelly’s motion. We are unable, from the record before us, to ascertain whether the trial court was correct in its ruling. We have been provided a typewritten guidelines scoresheet which indicates that the 200 points were part of a “plea agreement stipulation.” In addition, there is a handwritten scoresheet that provides simply for 200 points for victim injury. Neither sheet was signed by appellant or his counsel.
The written offer of plea which was signed by the judge, the prosecuting attorney, and defense counsel, as well as the appellant, does not mention the 200 points for victim injury. There is also no indication that either scoresheet was attached or incorporated into the offer of plea. No transcript of the entry of the plea has been provided.
Because the record before us is incomplete, we remand for the trial court to attach those portions of the file and record which conclusively show that as part of the plea agreement, appellant agreed to a score of 200 points for victim injury. Hall v. State, 511 So.2d 676 (Fla. 1st DCA 1987).
BOOTH and ZEHMER, JJ., concur.