590 So.2d 1001 (1991)
Reginald Donald GAINER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1759.
District Court of Appeal of Florida, First District.
December 9, 1991.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Asst. Atty. Gen., and Wendy S. Morris, Certified Legal Intern, Tallahassee, for appellee.
JOANOS, Chief Judge.
Reginald Donald Gainer has appealed from a sentence imposed pursuant to a plea agreement. The sole error alleged is that the trial court miscalculated his sentencing guidelines scoresheet by incorrectly multiplying the legal constraint points by the number of new offenses for which he was being sentenced. We affirm, but without prejudice to the filing of an appropriate motion for collateral relief relating to the voluntariness of Gainer's plea.
*1002 In May 1991, Gainer pled nolo contendere to two counts of sale of cocaine, one count of possession of cocaine with intent to sell, and two counts of violation of probation. He agreed as part of the plea to be sentenced to 7 years incarceration, followed by 3 years probation. Insofar as the record before us indicates, the plea was not conditioned on the 7-year term falling within the sentencing guidelines.
The scoresheet prepared before sentencing reflected a point total of 171, corresponding to a recommended sentencing range of 5 1/2-7 years, and a permitted range of 4 1/2-9 years. The 171 points included 42 points for legal constraint, calculated by multiplying the 14 base points by three, the number of Gainer's new offenses. A single legal constraint score would have resulted in a total of 143 points, corresponding to a recommended range of 3 1/2-4 1/2 years, and a permitted range of 2 1/2-5 1/2 years. Gainer did not move to withdraw his plea at sentencing. Rather, he reserved the right to appeal the application of a multiplier to his legal constraint points. The propriety of this action is the sole issue raised on appeal.
First of all, the scoresheet prepared for sentencing was improperly calculated. See Flowers v. State, 586 So.2d 1058 (Fla. 1991) (legal constraint points may be scored only once). However, this cannot conclude our analysis, in that the sentence herein did not purport to be pursuant to the guidelines, but rather was the result of a negotiated plea in which Gainer agreed to a 7-year term. It is true that this term falls within the guidelines range corresponding to the erroneous point total. However, as noted above, it does not appear from the record that Gainer agreed to the sentence only so long as it fell within the guidelines.
He did, in the course of the sentencing proceeding, reserve the right to appeal the trial court's application of a legal constraint multiplier. While a defendant who pleads nolo contendere can, as to the judgment, only reserve a "dispositive legal issue" as an issue to appeal, Brown v. State, 376 So.2d 382, 385 (Fla. 1979), that defendant always has the right to a direct appeal of an illegal sentence. Walker v. State, 579 So.2d 348, 349 (Fla. 1st DCA 1991), citing Robinson v. State, 373 So.2d 898 (Fla. 1979). However, the 7-year sentence imposed herein was not rendered illegal by the circumstance that, because of the scoresheet error, it exceeded the actual guidelines range. Gainer agreed to that sentence as part of a plea agreement.
Further, this court has indicated that the error alleged herein can be considered harmless "in circumstances where the appellate court is convinced that the defendant would have received the same sentence notwithstanding the scoresheet error, such as where the sentence was imposed in accordance with a valid plea agreement." Sellers v. State, 578 So.2d 339, 341 (Fla. 1st DCA 1991) (emphasis supplied). Therefore, we decline to reverse the sentence imposed herein based on the scoresheet error which forms the sole basis for Gainer's appeal.
However, we perceive an additional issue as to the voluntariness of Gainer's plea. If he agreed to a 7 year sentence only because he believed that his guidelines score resulted in a recommended range encompassing that sentence, that plea may be considered involuntary. Hingson v. State, 553 So.2d 768, 769 (Fla. 1st DCA 1989), on appeal after remand Hingson v. State, 589 So.2d 453 (Fla. 1st DCA 1991). The supreme court has held that a defendant should be permitted to withdraw a plea when the plea was based upon a misapprehension of the facts. Hingson at 769 citing Forbert v. State, 437 So.2d 1079, 1081 (Fla. 1983). However, we cannot reach this issue because Gainer did not move to withdraw his plea below. See Murray v. State, 566 So.2d 30, 31 (Fla. 1st DCA 1990) (the issue of whether an appellant should have been allowed to withdraw his plea is not cognizable on direct appeal where the appellant did not move to withdraw his plea at the time of sentencing).
Because, under the circumstances of this case, the scoresheet error is not reversible, we affirm the sentence imposed herein. However, this ruling is without prejudice to *1003 the filing in the trial court of either a motion to withdraw the plea, or a motion under Rule 3.850, Florida Rules of Criminal Procedure, to vacate the sentence. See Murray at 31.
Affirmed.
SHIVERS and ZEHMER, JJ., concur.