599 So.2d 727 (1992)
Clifford L. KELLY, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2190.
District Court of Appeal of Florida, First District.
May 28, 1992.
Rehearing Denied June 29, 1992.
Appellant, pro se.
WOLF, Judge.
This case is before us pursuant to a Peremptory Writ of Mandamus which directs this court to rule on the trial court's disposition of petitioner's motion to correct an illegal sentence, pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. We find the relief sought by the petitioner was not available pursuant to rule 3.800(a), Florida Rules of Criminal Procedure, and affirm the trial court's disposition.
When this case was previously before this court, we remanded to the trial court for attachment of portions of the record which indicated that appellant agreed as part of his plea to the scoring of 200 points for victim injury on his guideline scoresheet. Kelly v. State, 578 So.2d 342 (Fla. 1st DCA 1991). The opinion issued by this court did not expressly say that the case was reversed, nor did it specifically rule on the propriety of the defendant's motion. Following that opinion, the circuit court did provide us with a transcript of the proceedings below. In the meantime, the appellant filed a number of motions indicating that the circuit court had not complied with our previous opinion. This court denied all the appellant's motions by unpublished orders which indicated that the circuit court had, in fact, complied. These orders, however, did not directly rule on the trial court's disposition of the original motion. It is on this basis that the supreme court issued the peremptory writ.
Since the time of our first opinion, both this court and the second district have addressed whether a sentence issued pursuant to a plea based upon an incorrect scoresheet constitutes an illegal sentence. In Gainer v. State, 590 So.2d 1001 (Fla. 1st DCA 1991), this court held that the sentence imposed in that case was not rendered illegal because of a scoresheet error which caused it to exceed the guidelines range. Thus, a contention such as the one in this case is not properly raised pursuant to rule 3.800(a), Florida Rules of Criminal Procedure, which deals with correcting an *728 illegal sentence. Judge v. State, 596 So.2d 73 (Fla. 2nd DCA 1991). See also Gainer, supra.
The appropriate mechanism for seeking such relief is either a request to withdraw the plea, a timely appeal, or a timely motion filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. This case is indistinguishable from the fact pattern identified in Gainer, supra, and Judge, supra. It is, therefore, unnecessary for us to reach the merits of appellant's rule 3.800(a) motion, as such motion was not authorized.[1]
We therefore affirm.
BOOTH and ZEHMER, JJ., concur.
NOTES
[1] We would note, however, that if the sentence was imposed pursuant to a valid plea agreement, as it appears to have been from the trial court's transcript and the docket sheet, then no error has occurred. See Sellers v. State, 578 So.2d 339 (Fla. 1st DCA 1991).