PER CURIAM.
Fabian Erazo appeals the summary denial of the postconviction motion he filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, he alleged that his negotiated plea, under which he agreed to an upward departure sentence of 34 m Ct. R. 7.onths, was rendered involuntary by the inclusion in his sentencing guidelines scoresheet of points for an offense for which he had not been convicted. If this allegation is true, the departure sentence exceeds the guidelines sentence not by two and a half months, but by seven months. Erazo claims that he would not have agreed to the plea had he known that the guidelines sentence shown on the scoresheet was wrong.
The State argues that even if there was an error on the scoresheet, a point that it does not concede, the error was harmless because Erazo agreed to the non-guidelines sentence that was imposed. That position has support, including this court’s opinion in Gibson v. State, 619 So.2d 31 (Fla. 4th DCA 1993). However, there is also authority allowing a defendant to challenge the voluntariness of his decision to enter such a plea, where he allegedly relied on a miscalculated scoresheet. See Boerstler v. State, 622 So.2d 184 (Fla. 1st DCA 1993); Gainer v. State, 590 So.2d 1001 (Fla. 1st DCA 1991).
On the basis of the record that is available to this court, we cannot be certain that Erazo would have entered his plea if he had known the true extent to which the agreed sentence departed from the guidelines. We, therefore, reverse and remand for either attachment of record excerpts that conclusively refute the allegations in the motion, or for an evidentiary hearing to determine the voluntariness of the plea.
GUNTHER, POLEN and STEVENSON, JJ., concur.