741 So.2d 579 (1999)
Datoral SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 99-887.
District Court of Appeal of Florida, Third District.
August 25, 1999.
Datoral Smith, in proper person.
Robert A. Butterworth, Attorney General, for appellee.
Before SCHWARTZ, C.J., and NESBITT and GODERICH, JJ.
PER CURIAM.
The defendant contends, and the State properly concedes, that the conviction for count one, home invasion robbery should be vacated as it is subsumed by the greater offense of burglary with an assault. Bowers v. State, 679 So.2d 340, 341 (Fla. 1st DCA 1996). The State also concedes that one of the two counts of burglary with an assault should be vacated. The defendant was improperly charged and convicted of two counts of burglary with an assault on the basis of attacks on two separate victims within the home. De Jesus v. State, 684 So.2d 875, 876 (Fla. 3d DCA 1996).
*580 As to the defendant's third point on appeal, that his plea agreement is illegal as it was agreed to on the basis of a miscalculated scoresheet, the State concedes that the scoresheet was miscalculated. On defendant's scoresheet, burglary with an assault was scored as a level nine, resulting in a mandatory sentence of nine to sixteen years. The State concedes that burglary with an assault should have been scored as a level eight which would have resulted in a mandatory sentence of less than three years to a maximum of four years and about nine months. The defendant agreed to a sentence of five years for each count running concurrently. The State concedes the error, but properly points out that burglary with an assault is punishable by up to life imprisonment. § 810.02(2)(a), Fla. Stat. (Supp.1996).
If a defendant claims that he would not have pled guilty if he had known what his correct scoresheet total had been, then that is an attack on the voluntary and intelligent character of the plea which is a claim that must be brought by a timely Rule 3.850 motion to withdraw the plea in the trial court. Skidmore v. State, 688 So.2d 1014, 1015 (Fla. 3d DCA 1997).
Under a Rule 3.850 motion, defendant's plea based on the improperly calculated scoresheet may be considered involuntary. Hingson v. State, 553 So.2d 768, 769 (Fla. 1st DCA 1989). As cited in Hingson, the Supreme Court has held that a defendant should be permitted to withdraw a guilty plea when the plea was based upon a misapprehension of facts. Hingson, 553 So.2d at 769 (citing Forbert v. State, 437 So.2d 1079 (Fla.1983)).
The record clearly reflects that the defendant agreed to a plea agreement that sentenced him to five years on each count to run concurrently when faced with a mandatory sentence of nine to sixteen years. We find it wholly credible that the defendant would not have agreed to such a plea when the maximum period of incarceration would have been two-and-a-half months short of five years. On remand, the defendant should be given the opportunity to withdraw his plea.
Accordingly, the trial court is instructed to vacate the conviction for home invasion robbery and one count of burglary with assault, correct the scoresheet to reflect that burglary with assault is a level 8, provide the defendant with the opportunity to withdraw his plea, and resentence the defendant in accordance therewith.
Reversed and remanded with directions.