579 So.2d 874 (1991)
Charles SIMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-3342.
District Court of Appeal of Florida, First District.
May 23, 1991.
Charles Simmons, pro se.
Robert A. Butterworth, Atty. Gen., James Rogers, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Chief Judge.
This appeal is from the denial of a motion for postconviction relief. We affirm.
Simmons pled guilty in 1964 to escape. He was sentenced to eighteen months hard labor; and that sentence has been served. He was a prisoner in Leavenworth federal prison in Kansas when this appeal was filed; but his return address is now in Stillwater, Minnesota  presumably another prison. The escape conviction is somehow affecting Simmons' present incarceration. Simmons now claims that in 1964 he received ineffective assistance of counsel and his plea was coerced.
Simmons petitioned for a writ of habeas corpus in federal district court. The district court dismissed the claim without prejudice on the ground Simmons had not exhausted state remedies. The district court adopted the magistrate's suggestion "that at least two procedural remedies are still available: 1) a motion to withdraw guilty plea and 2) motion to correct sentence pursuant to Rule 3.800... ."
Simmons filed the motions suggested by the federal court in the Florida circuit court, and he incorporated a petition for writ of habeas corpus. The circuit court denied the motions and petition. The court said (1) the only procedures to withdraw a guilty plea are provided by Rules 3.170(f) and 3.850. Rule 3.170(f) must be invoked prior to sentencing, and the time to file a 3.850 motion has lapsed. (2) A Rule 3.800 motion may only be used to correct an illegal sentence given without statutory authority. Simmons did not assert the trial court sentenced him without statutory authority. (3) The circuit court is without power to issue a writ of habeas corpus for a prisoner who is not in the custody of the state of Florida.
The circuit court's analysis is sound, and we affirm. Having carefully examined the record in this case, we also note that in our *875 view Simmons has exhausted his state remedies.
ERVIN and WOLF, JJ., concur.