652 So.2d 898 (1995)
Christian JAUREGUI, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-1776.
District Court of Appeal of Florida, Third District.
March 22, 1995.
*899 Christian Jauregui, in pro. per.
Robert A. Butterworth, Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and BASKIN, JJ.
BARKDULL, Judge.
Appellant filed a petition for writ of certiorari in the circuit court which was denied. Appellant sought review of that denial in this court. This court ordered that the petition be treated as an appeal from a denial of collateral proceeding pursuant to Florida Rules of Criminal Procedure 3.850. We affirm.
Appellant was charged with first degree murder and pursuant to a plea bargain plead guilty to second degree murder with a weapon and armed robbery. Appellant's plea bargain allowed for a sentence range of thirty to fifty years. The trial court imposed a forty year sentence with no minimum mandatory term on the murder count and a ten year sentence on the armed robbery count. Appellant now protests that his trial counsel was ineffective and that his sentence is excessive because it does not fall within the recommended sentencing guideline range.
A guilty plea cuts off inquiry into all issues arising prior to the plea with the exception of issues expressly preserved for appellate review, and issues regarding jurisdiction, legality of the sentence imposed, failure of the state to abide by the plea agreement and the voluntary and intelligent nature of the plea. Stano v. State, 520 So.2d 278 (Fla. 1988); Elledge v. State, 432 So.2d 35 (Fla. 1983); Robinson v. State, 373 So.2d 898 (Fla. 1979).
Appellant's sentence is a legal sentence. Appellant plead guilty to a life felony, which, pursuant to § 782.04, Florida Statutes, was punishable by a term of years not exceeding forty years or life imprisonment. Appellant also plead guilty to armed robbery pursuant to § 812.13, Florida Statutes, which is a first degree felony punishable by a term of years not exceeding thirty years or life imprisonment. Appellant's forty year term and ten year term of imprisonment are within the limits proscribed both by law and the plea bargain.[1] That appellant's sentence may exceed the recommended guideline sentence is of no consequence since the plea bargain is in itself a valid reason for imposing a departure sentence. Smith v. State, 530 So.2d 304 (Fla. 1988).
We interpret appellant's allegations of ineffective assistance of counsel to mean that somehow his plea was not voluntary. Appellant's plea colloquy[2] clearly refutes any claim of ineffective assistance of trial counsel. The trial court not only conducted the standard plea colloquy, but it also made specific findings regarding the level of competency and performance of appellant's counsel in this case. Based on the record, it is clear that appellant's plea was voluntary in nature and intelligently entered into.
Accordingly, the trial court's denial is in all respects affirmed.
Affirmed.
NOTES
[1] We note that appellant does not complain that the state has not lived up to its bargain and thus his sentence is somehow illegal. Appellant's bargain allowed for a sentence range of thirty to fifty years, and his sentence does not exceed that cap.
[2] The trial court properly attached to its well-reasoned order denying appellant's writ, a copy of the transcript of the hearing at which appellant entered his plea.