661 So.2d 95 (1995)
Devon BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2361.
District Court of Appeal of Florida, Fourth District.
September 6, 1995.
Rehearing Denied October 26, 1995.
*96 Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John Tiedemann, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, Judge.
On July 14, 1994, Devon Brown entered a written plea of no contest, and was sentenced in case numbers 94-164-CFA (sale of cocaine and possession of cocaine), 94-62-MMA (simple battery and resisting arrest without violence), 92-216-CFA (violation of probation on sale of cocaine), 94-133-MMA (resisting arrest without violence), and 93-3031-TT (violation of probation and failure to appear). On July 18, 1994, Brown moved to withdraw his plea alleging that he did not understand the consequences of it. A hearing was held, and the trial court denied the motion on the merits. Brown appeals from the denial of this motion and the sentence imposed. We affirm, without prejudice as set forth below.
Brown's motion to withdraw his plea was brought pursuant to rule 3.170 and rule 3.172 of the Florida Rules of Criminal Procedure. Rule 3.170 provides in pertinent part:
The court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty to be withdrawn... .
Because Brown had already been sentenced, he should have filed a motion pursuant to rule 3.850. His motion could not be considered a proper motion pursuant to rule 3.850. It was not under oath, nor did it include any of the requisite contents set out in rule 3.850(c). Thus, the trial court properly denied the motion based on its legal insufficiency. See McCain v. State, 459 So.2d 1185 (Fla. 4th DCA 1984) (affirming the trial court's denial of the appellant's motion for post-conviction relief without prejudice to file a motion in compliance with rule 3.850, where the appellant failed to comply with the requirements set out in rule 3.850). Accordingly, we affirm without prejudice to Brown filing a proper 3.850 motion.
Brown also appealed his sentence in case number 94-164-CFA, contending that it was incorrectly computed pursuant to the sentencing guidelines. However, we do not have jurisdiction to consider this issue because Brown did not timely appeal from the final judgment and sentence. His notice of appeal was filed on August 17, 1994. The final judgments and sentences which Brown is appealing were rendered on July 14, 1994. Thirty days expired on Monday, August 15, 1994. Brown's counsel might have been under the impression that the post-judgment motion delayed rendition. However, this is not a motion which delays rendition pursuant to Florida Rule of Appellate Procedure 9.020(g). However, Brown can still file any motions available as to the legality of the sentence. Accordingly, we affirm the denial of Brown's motion to withdraw his plea and are without jurisdiction to consider the appeal from Brown's sentence.
STEVENSON, J., and SCHAPIRO, SHELDON, Associate Judge, concur.