673 So.2d 76 (1996)
James E. GENTILE, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3174.
District Court of Appeal of Florida, Fifth District.
April 4, 1996.
Rehearing Denied May 15, 1996.
*77 Bernard F. Daley, Jr. of Daley & Associates, Tallahassee, for Appellant.
No appearance for Appellee.
ANTOON, Judge.
James E. Gentile (defendant) appeals the summary denial of his motion seeking post-conviction relief under Florida Rule of Criminal Procedure 3.800(a). We affirm.
In 1991, the defendant entered a plea of guilty to one count of robbery with a firearm and two counts of possession of a firearm by a convicted felon. At the time the defendant committed these offenses, he was on probation in four prior cases involving five third-degree felonies. As a part of a plea agreement with the state, the defendant specifically agreed to receive a sentence of fifteen years in prison for each of the new offenses. He also pled guilty to violating his probation, and agreed to receive a sentence of five years in prison for each of the five felonies. The negotiated plea agreement provided that all terms of incarceration would be served concurrently, and that the defendant would serve a three-year mandatory sentence for the robbery with a firearm conviction. The trial court accommodated the defendant by accepting his plea and sentencing him in accordance with the terms of the plea agreement.
On appeal, the defendant argues that he is entitled to receive Rule 3.800(a) relief because the trial court erred in scoring his violation of probation offenses as prior record on his sentencing guideline scoresheet. In this regard, the defendant maintains that the trial court should have scored those offenses as additional offenses at sentencing because the crimes for which he was on probation were committed prior to October 1, 1986, the date of the amendment to the committee note to Florida Rule of Criminal Procedure 3.701(d)(5). This amendment provided that crimes for which a defendant is on probation must be scored as prior record. This argument fails to possess merit.
The defendant's negotiated plea agreement was accepted by the trial court without any indication that the plea was conditioned upon the imposition of a sentence within a specific guideline range. This court, in Russell v. State, 656 So.2d 203 (Fla. 5th DCA 1995), recently affirmed the defendant's sentence, despite a scoresheet error, noting that the defendant had agreed to the specific sentence imposed. See also Master v. State, 637 So.2d 268 (Fla. 1st DCA 1994) (departure due to improper scoring does not render plea illegal when plea was not conditioned on receiving guideline sentence); Ash v. State, 624 So.2d 418 (Fla. 2d DCA 1993) (if scoring was not considered in state's decision to offer plea or in the defendant's and the court's decision to accept the plea offer, scoring error is harmless); Boerstler v. State, 622 So.2d 184 (Fla. 1st DCA 1993) (sentence is not illegal due to scoresheet error where plea agreement does not reflect that plea was conditioned on imposition of a specific sentence being within guidelines); Hammond v. State, 591 So.2d 1119 (Fla. 1st DCA 1992) (negotiated plea is binding despite scoresheet error and is sufficient to justify departure without written reasons). Moreover, even if the scoresheet errors were corrected as the defendant urges, his sentences would still not be improper departure sentences because the sentences are within the permitted guidelines range.
AFFIRMED.
W. SHARP and THOMPSON, JJ., concur.