688 So.2d 1014 (1997)
Daniel Joseph SKIDMORE, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-2343.
District Court of Appeal of Florida, Third District.
March 5, 1997.
Daniel Joseph Skidmore, in pro per.
Robert A. Butterworth, Attorney General, for appellee.
Before JORGENSON and SHEVIN, JJ., and BARKDULL, Senior Judge.
BARKDULL, Senior Judge.
The defendant appeals the summary denial of his 3.850 motion. Because he entered a plea of nolo contendere as part of a negotiated plea bargain[1] in 1986 and his *1015 convictions became final in 1989, most of his claims are time barred. See Gust v. State, 535 So.2d 642 (Fla. 1st DCA 1988). However, he asserts that his thirty year sentence is illegal because his scoresheet was incorrectly calculated and because the three year minimum mandatory portion of his sentence was imposed at a subsequent hearing. An illegal sentence can be corrected at any time pursuant to either rule 3.850 or rule 3.800(a), so these claims merit a brief discussion.
Where a defendant enters into a negotiated plea for a term of years that exceeds the guidelines range and has relied upon an incorrectly calculated scoresheet during negotiations, the sentence is not illegal for the purposes of a 3.800 motion as long as it does not exceed the statutory maximum. McGuire v. State, 654 So.2d 1305 (Fla. 5th DCA 1995); Kelly v. State, 599 So.2d 727 (Fla. 1st DCA 1992); Gainer v. State, 590 So.2d 1001 (Fla. 1st DCA 1991). This is because a plea bargain is a valid reason for a departure sentence. Jauregui v. State, 652 So.2d 898 (Fla. 3d DCA 1995). The sentence of thirty years in this case does not exceed the statutory maximum for the first degree felonies to which the defendant pled nolo contendere, so the sentence is not illegal. If a defendant claims that he would not have pled guilty or nolo if he had known what his correct scoresheet total had been, as the defendant contends here, then that is an attack on the voluntary and intelligent character of the plea which is a claim that must be brought by a timely 3.850 motion to withdraw the plea in the trial court. Brown v. State, 661 So.2d 95 (Fla. 4th DCA 1995), review denied, 668 So.2d 602 (Fla.1996); Barnes v. State, 643 So.2d 83 (Fla. 3d DCA 1994); Gainer v. State, 590 So.2d 1001 (Fla. 1st DCA 1991); Simmons v. State, 579 So.2d 874 (Fla. 1st DCA 1991). As stated above, this 3.850 is untimely. But even if the defendant had brought a timely motion and was successful in withdrawing his plea, the state would be permitted to reinstate all of the original charges and take him to trial. Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981).
Furthermore, the double jeopardy claims may not be raised by a 3.800 motion, see Hopping v. State, 674 So.2d 905 (Fla. 1st DCA 1996); White v. State, 644 So.2d 174 (Fla. 3d DCA 1994), as they are cut off by the entry of the plea. Salazar v. State, 675 So.2d 654 (Fla. 3d DCA 1996). Finding no error, we affirm.
Affirmed.
NOTES
[1] The defendant was charged with burglary of a structure, robbery, two counts of aggravated battery, unlawful possession of a firearm while engaged in a criminal offense, kidnapping and burglary of a conveyance. The trial judge informed the defendant during the plea colloquy that he could receive several life sentences if convicted.