705 So.2d 615 (1998)
Martha PERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 97-518.
District Court of Appeal of Florida, Fifth District.
January 2, 1998.
Rehearing Denied February 11, 1998.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kelli R. Orndorff, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, Chief Judge.
Martha Perry ["Perry"] appeals the denial of her 3.800 motion to correct an alleged scoresheet error.
Perry pled nolo contendere on January 4, 1996 to three counts of sexual battery upon a person between the ages of twelve and eighteen by a person in familial or custodial authority[1] and one count of committing a lewd or lascivious act in the presence of a child under sixteen.[2] Each of the sexual batteries was alleged to have been committed between November 1, 1992 and January 1, 1995, while the lewd and lascivious assault was alleged to have been committed between December 1, 1994 and December 31, 1994. Despite allegations that the sexual batteries were committed as early as November 1, 1992, the plea agreement specifically acknowledged that Perry fell under the 1993 guidelines.
Perry's scoresheet listed the sexual batteries as level nine offenses, and the lewd and lascivious assault as a level seven offense. The scoresheet thus showed a total of 121 points, for a minimum sentence of sixty-nine months in the Department of Corrections (5.75 years) and a maximum sentence of 116 months (9.67 years). Perry's plea agreement specified that she would receive 5.75 years in the Department of Corrections followed by *616 ten years of sexual offender probation. This was the sentence imposed.
Perry filed a rule 3.800 motion to correct her sentence in which she contended that the sexual batteries had been improperly scored as level nine offenses, when they should have been scored as level seven offenses. Perry's argument is an attempt to take advantage of the repeal of section 794.041(2)(b), Florida Statutes, which contained the offense of sexual battery upon a person between the ages of twelve and eighteen by a person in familial or custodial authority. The original offense was ranked under earlier versions of the guidelines as a level nine offense. See § 921.0012, Fla. Stat. (1993); § 921.0012, Fla. Stat. (Supp.1994). The original statute was repealed, however, in 1993. See Ch. 93-156, § 4, Laws of Florida. It was immediately reenacted as section 794.011(8)(b), Florida Statutes (1993), in essentially identical form, but due to a legislative oversight, the new statute was not added to the guidelines' list of enumerated offenses until 1995. See Ch. 95-184, § 5, Laws of Florida. Instead, up until 1995 the guidelines showed only section 794.041(2)(b) as an enumerated offense. Perry urges that it can be "clearly determined" that the law in effect at the time her offenses were committed required that her offenses be ranked at level seven. Depending on when her offenses actually were committed, which "1993 Florida Sentencing Guidelines" were intended to be applied and the legal effect of the plea agreement, her argument that her offenses should have been ranked at level seven may or may not have merit. She asserts that, absent this error, she would have scored a total of 58.8 points, for a minimum sentence of thirty months in the Department of Corrections and a maximum sentence of 37.5 months.
The court held a hearing on Perry's motion and the court denied the motion. Whatever the technical merit of Perry's argument, Perry has failed to recognize that her sentence was entered pursuant to a plea agreement. Perry did not enter a plea to a guidelines sentence; she pled guilty with the understanding that she would receive 5.75 years in the Department of Corrections followed by ten years of sexual offender probation. This is, in fact, the sentence she received. Perry's sentence is also a legal sentence since it does not exceed the statutory maximum. See Davis v. State, 661 So.2d 1193, 1196 (Fla. 1995). Even if Perry had relied upon an incorrectly calculated scoresheet during negotiations, her sentence would not thereby be rendered illegal. Skidmore v. State, 688 So.2d 1014 (Fla. 3d DCA 1997).
AFFIRMED.
HARRIS and ANTOON, JJ., concur.
NOTES
[1] Formerly § 794.041, Fla. Stat., now § 794.011(8)(b).
[2] § 800.04, Fla. Stat. (1993).