762 So.2d 1007 (2000)
Durwin D. DUNENAS, Petitioner,
v.
Michael W. MOORE, Secretary of Florida Department of Corrections, and State of Florida, Respondents.
No. 3D00-952.
District Court of Appeal of Florida, Third District.
July 12, 2000.
*1008 Durwin D. Dunenas, in proper person.
Robert A. Butterworth, Attorney General, and Paulette R. Taylor, Assistant Attorney General, for respondents.
Before GERSTEN, GODERICH, and SHEVIN, JJ.
PER CURIAM.
Defendant, Durwin Dunenas, appeals the summary denial of his writ of habeas corpus seeking post-conviction relief. We affirm.
In 1997, the defendant entered a plea of guilty to one count of burglary of a dwelling, two counts of battery of a law enforcement officer and resisting arrest with violence, one count of grand-theft and one count of criminal mischief. As part of the plea agreement with the state, the defendant agreed to a sentence of six years in prison and four years probation. After thoroughly questioning the defendant regarding the voluntariness of his plea, the court accepted his plea in accordance with the terms of the plea agreement.
On appeal, the defendant contends that his sentence is illegal because he was sentenced under the 1995 sentencing guidelines which have been declared unconstitutional. See Heggs v. State, 759 So.2d 620 (Fla.2000); State v. Thompson, 750 So.2d 643 (Fla.1999). Therefore, the defendant seeks to be resentenced under the 1994 guidelines.
When a negotiated plea agreement is not conditioned upon the imposition of a sentence within a specific guideline range, improper scoring of the defendant's scoresheet will not render the plea illegal unless the sentence exceeds the statutory maximum. See Skidmore v. State, 688 So.2d 1014 (Fla. 3d DCA 1997). See also, Russell v. State, 656 So.2d 203 (Fla. 5th DCA 1995)(scoresheet error harmless when based on plea bargain); Gentile v. State, 673 So.2d 76 (Fla. 5th DCA 1996)(if negotiated plea is not conditioned upon a specific guideline range, any error will be harmless); Boerstler v. State, 622 So.2d 184 (Fla. 1st DCA 1993)(sentence imposed in accordance with valid plea agreement will not be rendered illegal due to scoresheet error). Here, the record indicates that the defendant voluntarily entered into a plea agreement that was not conditioned upon the sentencing guidelines. Furthermore, the defendant's sentence is well within the statutory maximum.[1] As a result, even though the 1995 guidelines have been declared unconstitutional, the defendant's sentence is not illegal. Therefore, finding no merit to the defendant's argument, we affirm the order under review.
Affirmed.
NOTES
[1] In fact, based on the defendant's conviction for burglary with a firearm alone, the defendant was eligible for a maximum sentence of life imprisonment.