766 So.2d 1192 (2000)
Jose BONILLA, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1525.
District Court of Appeal of Florida, Fifth District.
September 15, 2000.
*1193 Jose Bonilla, Bushnell, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
Jose Bonilla appeals the order denying his rule 3.800(a) motion to correct an illegal sentence. We reverse and remand for further proceedings.
Our review of this record reveals that Bonilla was charged with the March 1997 offense of second-degree murder. Based on a negotiated plea agreement, Bonilla claims he was sentenced to a 84-month term of incarceration in exchange for a guilty or no contest plea. We do not have the transcript of the plea dialogue or a copy of a written plea agreement so we do not know whether the plea agreement was conditioned on the sentencing guidelines. If the plea agreement was not conditioned on the sentencing guidelines, Bonilla is not entitled to relief because his sentence is not illegal. See Dunenas v. Moore, 762 So.2d 1007 (Fla. 3d DCA 2000).
Bonilla claims in his motion that he was sentenced pursuant to the 1995 guidelines and that his sentence is illegal based on Heggs v. State, 759 So.2d 620 (Fla.2000). If the trial court finds that the plea agreement was conditioned on a guidelines sentence, the trial court should proceed in light of the supreme court's ruling in Trapp v. State, 760 So.2d 924 (Fla.2000), the benefit of which the trial court lacked when ruling on Bonilla's motion.
Pursuant to Heggs, a defendant seeking collateral relief may do so if he can allege that the crime for which a sentence was received falls within the window period and that the application of the unconstitutional statute resulted in the imposition of a departure sentence. At the time the trial court denied Bonilla's motion, the closing date of the window period had not been defined by the supreme court. We now know, pursuant to Trapp, that the window period for challenging the sentencing guidelines opened on October 1, 1995, and closed on May 24, 1997. Trapp, 760 So.2d at 928. Bonilla's offense, committed in March 1997, falls squarely within the window period.
Not only has Bonilla sufficiently alleged that his crimes were committed within the *1194 window period, Bonilla also asserted that the sentence he received under the 1995 guidelines could not have been imposed under the 1994 guidelines absent an upward departure. Specifically, he alleged that if he had been sentenced under the 1994 guidelines, he would have been sentenced to a maximum of 67.7 months. To support these allegations, he provided copies of both the 1994 and 1995 scoresheets. Therefore, Bonilla has met Heggs's two-prong test.
Although Bonilla is entitled to seek relief under Heggs, Bonilla is not entitled to automatic resentencing under the 1994 guidelines because his original sentence was the result of a plea agreement. Since we do not have the transcript of the sentencing hearing or a copy of a written plea agreement, we do not know whether the State agreed to drop or reduce additional charges against Bonilla in exchange for his plea. Where a defendant is entitled to relief under Heggs, but his original sentence was the result of a plea agreement, the state has the option on remand of proceeding to trial on the original charges or electing to have the defendant resentenced under the 1994 sentencing guidelines.
Accordingly, the order appealed is reversed. The case is remanded with the direction that if the plea agreement required a guidelines sentence, the State be given the option of proceeding to trial on all of the original charges or agreeing to have the sentence vacated and Bonilla resentenced under the 1994 sentencing. If the trial court finds that the plea agreement was not conditioned on a guidelines sentence, Bonilla is not entitled to any relief.
REVERSED and REMANDED with instructions.
W. SHARP, and HARRIS, JJ., concur.