781 So.2d 484 (2001)
Horace BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-458.
District Court of Appeal of Florida, Fourth District.
March 21, 2001.
*485 Horace Brown, Daytona Beach, pro se.
No appearance required for appellee.
PER CURIAM.
We review Appellant's rule 3.800(a) Motion to Correct Illegal Sentence alleging the illegality of his twelve year prison term imposed pursuant to the 1995 sentencing guidelines and claiming his entitlement to resentencing under Heggs v. State, 759 So.2d 620 (Fla.2000). We affirm.
The State charged Appellant with committing one count of first degree murder with a firearm on August 29, 1996. In return for a term of years, Appellant plead guilty to a reduced charge of manslaughter, and received a sentence within the statutory maximum for that offense. Appellant's sentencing scoresheet resulted in a range of 124.5 to 207 months imprisonment and the trial court sentenced Appellant to 144 months.
Appellant filed a rule 3.800(a) motion to correct illegal sentence claiming he received an erroneous sentence pursuant to the 1995 sentencing guidelines, declared unconstitutional in Heggs v. State, 759 So.2d 620 (Fla.2000), and State v. Thompson, 750 So.2d 643 (Fla.1999). Appellant claims the trial court incorrectly assessed 120 points for victim injury under the 1995 guidelines, instead of 60 points under the 1994 guidelines. He claims that under the 1994 guidelines his sentencing scoresheet ranged between 79.5 and 132.5 points. The trial court denied Appellant's motion and found the record demonstrated his sentence was not imposed pursuant to a 1995 guidelines recommended sentence, a prerequisite to relief under Heggs, but rather as part of a legitimate negotiated settlement agreement, in which the State agreed to forego a charge of first degree murder (in which guidelines would not have applied).
We agree with the Third District's conclusion that a defendant under these circumstances is not entitled to relief under Heggs if his plea agreement is not contingent upon defendant receiving a guidelines sentence. See Dunenas v. Moore, 762 So.2d 1007 (Fla. 3d DCA 2000); Mortimer v. State, 770 So.2d 743, 744 (Fla. 4th DCA 2000) ("It is well-settled that when a defendant enters a negotiated plea for a term of years, relying upon an incorrectly calculated scoresheet, such sentence is not illegal so long as it does not exceed the statutory maximum."); and Bonilla v. State, 766 So.2d 1192, 1194 (Fla. 5th DCA 2000) ("If the trial court finds that the plea agreement was not conditioned on a guidelines sentence, Bonilla is not entitled to any relief."). Here, it is clear that Appellant's sentence was not imposed pursuant to a recommended guidelines sentence, but *486 rather as part of a negotiated plea agreement, in which the State agreed not to prosecute appellant for first degree murder.
AFFIRMED.
POLEN, SHAHOOD and HAZOURI, JJ., concur.