CONFESSION OF ERROR

PER CURIAM.
Jose Calixto Barahona appeals the summary denial of his motion to correct illegal sentence pursuant to rule 3.800, Florida Rules of Criminal Procedure. We reverse.
Barahona was charged with second degree murder and he entered a guilty plea on November 3, 1997. He was sentenced to 24.8 years imprisonment. The state concedes that Barahona is entitled to resentencing pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000); Trapp v. State, 760 So.2d 924 (Fla.2000). Barahona was offered and received a sentence at the bottom of the 1995 guidelines. This was a negotiated plea conditioned upon a specific guideline range. See Dunenas v. Moore, 762 So.2d 1007, 1008 (Fla. 3d DCA 2000). The state recalculated the guideline score-sheet and the maximum sentence Baraho-na could have received, without a departure under the 1994 guidelines, was 24.7 years. Thus, his actual sentence exceeded the maximum sentence by one-tenth of a year. As the supreme court stated in Heggs, “if a person’s sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines (without a departure), then that person shall not be entitled to relief_” 759 So.2d at 627. Since his sentence was a departure *561 from the 1994 guidelines, Barahona is entitled to resentencing.
Reversed and remanded.