ON MOTION FOR REHEARING

PER CURIAM.
We grant the State’s motion for rehearing, withdraw our previous opinion dated October 17, 2001, and substitute the following opinion.
Tifphan Adderly appeals from the order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.860 in which he claims an entitlement to resentencing under Heggs v. State, 759 So.2d 620 (Fla.2000). We affirm.
Appellant claims that his sentence is illegal because the 1995 sentencing guidelines were declared unconstitutional in Heggs. The date of his offense falls within the window period set forth in Trapp v. State, 760 So.2d 924 (Fla.2000). The guidelines scoresheet range under the 1995 guidelines was 313.5 months to 522.5 months. Under the re-scored 1994 guidelines the range was 176.4 months to 294 months.
Appellant was charged with first degree murder but entered into a negotiated plea agreement to plead guilty to second degree murder, a lesser offense, with a sentence of sixty years in prison. After thorough questioning by the trial court on the voluntariness of his plea, the trial court accepted appellant’s plea in accordance with the terms of the plea agreement.
“When a negotiated plea agreement is not conditioned upon the imposition of a sentence within a specific guideline range, improper scoring of the defendant’s scoresheet will not render the plea illegal unless the sentence exceeds the statutory maximum.” Dunenas v. Moore, 762 So.2d 1007, 1008 (Fla. 3d DCA 2000). The record on appeal indicates appellant entered into a negotiated settlement agreement that was not conditioned upon the guidelines but upon a reduction of the charge against him. His sentence of sixty years was also within the statutory maximum for second degree murder, a life felony.
We conclude that appellant’s sentence was not illegal and, therefore, affirm the order denying appellant’s motion.
FARMER, KLEIN and HAZOURI, JJ., concur.