SAWAYA, J.
Perez was charged by information with one count of conspiracy to traffic in heroin; five counts of sale and delivery of heroin; five counts of possession of heroin; two counts of trafficking in heroin; and two counts of sale of a substance in lieu of a controlled substance. Perez entered into a plea agreement with the State whereby he agreed to plead guilty to one count of conspiracy to traffic in heroin and two counts of trafficking in heroin. The plea agreement specifically provided that Perez would be sentenced pursuant to another agreement (the referenced agreement). The State nol prossed the remaining counts.
Both agreements are dated February 25, 1998. The referenced agreement, consisting of six pages divided into three sections, contains numerous conditions Perez was to comply with and provided for various periods of incarceration. The period of incarceration that was to be imposed depended on Perez’s level of compliance with the conditions contained in the agreement.
The record reveals that Perez entered his plea on the same day the agreements are dated. The trial court approved the agreements, accepted Perez’s plea, and set sentencing for another day. When Perez subsequently appeared for sentencing, he received a sentence of 84 months’ incarceration.
Over eighteen months after the sentence was imposed, Perez filed a motion pursuant to rule 3.800, Florida Rules of Criminal Procedure, arguing that he was entitled to resentencing under Heggs v. State, 759 So.2d 620 (Fla.2000). Specifically, Perez alleged that he was sentenced pursuant to the 1995 guidelines which required a range of between 67.3 and 185.875 months’ incarceration and that in imposing his sentence, the trial court did not apply the discretionary 1.5 drug trafficking multiplier provided in section 921.0014(l)(b), Florida Statutes (1997). See Fla. R.Crim. P. 3 .702(d)(14) (providing that application of the multiplier is discretionary with the trial court). He further alleged that his sentence of 84 months exceeded that which would be permissible under a corrected 1994 sentencing guidelines scoresheet.
The trial court granted Perez’s 3.800 motion and scheduled resentencing. Prior *1267 thereto, however, the State filed a motion to reinstate Perez’s original sentence. In the motion and at the resentencing hearing, the State argued that Perez was not entitled to resentencing because he could be sentenced to the same period of incarceration under a 1994 guidelines score-sheet provided the multiplier was utilized. With the multiplier, the 1994 scoresheet calculated a range between 27.45 and 86.125 months; without the multiplier, the range fell between 26.6 and 44.3 months.
Perez, on the other hand, argued that the trial court was barred from reinstating the original sentence because the trial court did not originally utilize the discretionary multiplier in imposing his sentence and, therefore, it should not be allowed to subsequently do so to his detriment under the 1994 guidelines. The trial court, applying the multiplier, concluded that Perez could have been sentenced under the 1994 guidelines to the same sentence imposed under the 1995 guidelines and reinstated Perez’s original sentence.
On appeal, the State and Perez contend that the issue this court must resolve is whether the trial court erred in applying the multiplier when Perez was resentenced when it did not do so when imposing the original sentence. We disagree. Based on the record before us, the issue we must resolve is whether the plea agreement and referenced agreement require imposition of a sentence that is not conditioned upon the guidelines.
We find that the plea agreement and the referenced agreement provide for a specific term of imprisonment, depending on the level of Perez’s compliance, that rendered the guidelines inapplicable. Therefore, Perez was not entitled to Heggs relief pursuant to his 3.800 motion. Bonilla v. State, 766 So.2d 1192 (Fla. 5th DCA 2000); see also Hipps v. State, 790 So.2d 583 (Fla. 1st DCA 2001); Brown v. State, 781 So.2d 484 (Fla. 4th DCA 2001); Poole v. State, 777 So.2d 1186 (Fla. 5th DCA 2001). Thus, the trial court erred in granting Perez’s motion pursuant to Heggs and ordering that he be resentenced. However, at resentencing, the trial court reinstated the original sentence of 84 months’ incarceration and, therefore, despite the trial court’s error in initially granting Perez’s requested relief, we. conclude that Perez’s sentence is not illegal.
AFFIRMED.
THOMPSON, C.J. and SHARP, W., J., concur.