816 So.2d 820 (2002)
Robert Lee WHITE, II, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-850.
District Court of Appeal of Florida, Fifth District.
May 17, 2002.
*821 James B. Gibson, Public Defender, and Barbara C. Davis, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
Robert Lee White, II appeals the denial of his Florida Rule of Criminal Procedure 3.800 motion to correct an illegal sentence. We affirm, finding no merit to either issue raised by White.
White agreed to enter a no contest plea to the charges against him in exchange for a sentence of 6 years and nine months imprisonment, followed by 14 years and 3 months of probation. The parties apparently calculated the sentence based on the 1995 sentencing guidelines. The sentencing range under the 1995 guidelines was 80.85 to 134.7 months, and White's term of incarceration was 81 months. White contends that he is entitled, under Heggs v. State, 759 So.2d 620 (Fla.2000) to be resentenced under the 1994 guidelines. Heggs declared the 1995 guidelines unconstitutional, and held that a defendant is entitled to collateral relief if the crime for which the sentence was received falls within the window period and if application of the unconstitutional statute resulted in the imposition of a departure sentence.
In Bonilla v. State, 766 So.2d 1192, 1194 (Fla. 5th DCA 2000), this court explained that a defendant is not entitled to relief under Heggs if the sentence received was not conditioned on the guidelines. White contends that Bonilla does not apply to this case because it is clear that the agreed-upon sentence was arrived at with consideration of the guidelines. We disagree. Where a defendant enters an agreement for a term of years that exceeds the guidelines range, and has relied upon an incorrectly calculated scoresheet during negotiations, the sentence is not illegal for purposes of a rule 3.800 motion, as long as the sentence does not exceed the statutory guidelines. Skidmore v. State, 688 So.2d 1014 (Fla. 3d DCA 1997); Perry v. State, 705 So.2d 615 (Fla. 5th DCA 1998). This is because a plea bargain is a valid ground for a departure sentence. Skidmore, 688 So.2d at 1015. The reasoning in Skidmore applies to cases involving claims for relief under Heggs. See Dunenas v. Moore, 762 So.2d 1007 (Fla. 3d DCA 2000); accord Brown v. State, 781 So.2d 484 (Fla. 4th DCA 2001). If a defendant negotiates for an exact sentence, the defendant is not entitled to relief. Vareia v. State, 777 So.2d 1168 (Fla. 3d DCA 2001). On the other hand, a defendant would be entitled to relief if the defendant negotiated for an indeterminate sentence. Id.; Brown; Dunenas. Trotter v. State, 774 So.2d 924 (Fla. 5th DCA 2001) is distinguished because there the defendant did not have specific sentence in *822 place. In the instant case, White is not entitled to relief because he bargained for a specific sentence.
AFFIRMED.
SAWAYA and ORFINGER, R. B., JJ., concur.