PER CURIAM.
Johnny J. Union appeals the trial court’s summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He alleges three errors in the calculation of his guidelines scoresheet. We affirm.
Union was convicted at jury trial of second-degree murder. At the sentencing hearing, the court observed that the sentencing range under the guidelines was seventeen to twenty-two years. However, the court also noted that Union had two additional charges of aggravated battery pending trial. Upon inquiry, the State advised the court that under the guidelines the maximum sentence on the aggravated battery charges, should he be convicted, would be nine years. The trial court then offered Union the option of proceeding to sentencing under the guidelines on the second-degree murder and going to trial on the additional charges or to entering a plea to the additional charges for negotiated sentences of twenty-five years on the second-degree murder charge and nine years on each of the aggravated battery charges with all of the sentences running concurrently. After discussing this with his attorney, Union chose to accept the negotiated sentence and entered his pleas to the additional charges.
Although Union now challenges the scoring under the guidelines, the record shows that the twenty-five-year sentence was not a guideline sentence but a negotiated sentence. Accordingly, even if there were errors in the scoresheet, Union is not entitled to relief. See Perry v. State, 705 So.2d 615 (Fla. 5th DCA 1998). Although the trial court erroneously concluded that the twenty-five-year sentence was a statutorily mandated sentence, it was correct to *826 summarily deny Union relief as this was not a guideline sentence.
Affirmed.
FULMER, DAVIS, and KELLY, JJ., Concur.