THOMPSON, J.
Michael Joseph Legere, Jr. appeals the summary denial of his motion to correct illegal sentence. Legere argues that since the sentence he agreed to exceeds the sentencing guidelines when recalculated because of Heggs v. State, 759 So.2d 620 (Fla.2000), he is entitled to relief. We disagree and affirm.
Legere pleaded guilty to burglary of a dwelling and burglary of a conveyance, and was sentenced to community control. Legere violated community control by committing multiple burglaries and thefts. Legere entered a plea to the subsequent felonies and did not appeal the sentences imposed. Subsequently, Legere admitted *825 violating community control and was sentenced to 33 months pursuant to a plea agreement. Again, Legere did not appeal.
Legere moved for a corrected sentence arguing that he was entitled to relief under Heggs, which invalidated the 1995 sentencing guidelines and required resentencing under the 1994 guidelines for affected persons. Legere argued that his sentence of 33 months could not have been imposed absent a departure from the 1994 guidelines. He points out that the 1994 guidelines scoresheet shows that his sentencing range would have been 17.7 months to 29.5 months; whereas, the 1995 guidelines scoresheet established a sentencing range of between 32.7 and 54.5 months. The trial court denied Legere’s motion stating that his sentence was not “illegal”' and that Legere was not entitled to Heggs relief because his plea agreement was for a specific term of years; i.e., the agreement was not conditioned upon the imposition of a sentence within a specific guideline range.
In White v. State, 816 So.2d 820 (Fla. 5th DCA 2002), this court held that when a sentence entered pursuant to a plea agreement exceeds the sentencing guidelines range, the sentence is not “illegal,” as long as it does not exceed the statutory maximum. We wrote:
In Bonilla v. State, 766 So.2d 1192, 1194 (Fla. 5th DCA 2000), this court explained that a defendant is not entitled to relief under Heggs if the sentence received was not conditioned on the guidelines. White contends that Bonilla does not apply to this case because it is clear that the agreed-upon sentence was arrived at with consideration of the guidelines. We disagree. Where a defendant enters an agreement for a term of years that exceeds the guidelines range, and has relied upon an incorrectly calculated scoresheet during negotiations, the sentence is not illegal for purposes of a rule 3.800 motion, as long as the sentence does not exceed the statutory [maximum]. Skidmore v. State, 688 So.2d 1014 (Fla. 3d DCA 1997); Perry v. State, 705 So.2d 615 (Fla. 5th DCA 1998). This is because a plea bargain is a valid ground for a departure sentence. Skidmore, 688 So.2d at 1015. The reasoning in Skidmore applies to cases involving claims for relief under Heggs. See Dunenas v. Moore, 762 So.2d 1007 (Fla. 3d DCA 2000); accord Brown v. State, 781 So.2d 484 (Fla. 4th DCA 2001). If a defendant negotiates for an exact sentence, the defendant is not entitled to relief. Vareia v. State, 777 So.2d 1168 (Fla. 3d DCA 2001). On the other hand, a defendant would be entitled to relief if the defendant negotiated for an indeterminate sentence. Id.; Brown; Dunenas; Trotter v. State, 774 So.2d 924 (Fla. 5th DCA 2001) is distinguished because there the defendant did not have specific sentence in place. . In the instant case, White is not entitled to relief because he bargained for a specific sentence.
White, 816 So.2d at 821-22; see also Dunenas v. Moore, 762 So.2d 1007, 1008 (Fla. 3d DCA 2000) (“When a negotiated plea agreement is not conditioned upon the imposition of a sentence within a specific guideline range, improper scoring of the defendant’s scoresheet will not render the plea illegal unless the sentence exceeds the statutory maximum”). Further, in Parker v. State, 767 So.2d 532, 533 (Fla. 5th DCA 2000), this court noted the options available to a defendant who enters a plea and thereafter seeks collateral relief under Heggs:
On remand, the trial court can review the record and determine if the plea agreement contemplated that [the defendant] would receive a guidelines sentence. If guidelines considerations *826 were not part of the plea agreement, relief can be denied. If they were, the state shall have the option of taking [the defendant] to trial on all of the original charges, or re-sentencing him under the guidelines. See Rickman v. State, 713 So.2d 1115 (Fla. 5th DCA 1998); Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981)
(emphasis added)(footnote omitted).
In the present case, Legere is not entitled to relief because his sentence was not conditioned upon the guidelines. See Bonilla v. State, 766 So.2d 1192 (Fla. 5th DCA 2000) (if plea agreement is not conditioned upon guidelines sentence, there is no entitlement to Heggs relief); Hall v. State, 789 So.2d 1052 (Fla. 5th DCA 2001) (defendant was not entitled to be resentenced under Heggs where the defendant’s sentence was negotiated independent of guidelines); Gentile v. State, 673 So.2d 76, 77 (Fla. 5th DCA 1996) (any scoresheet error is harmless if the negotiated plea was not conditioned upon a specific sentencing guideline); Caples v. State, 790 So.2d 1143, 1144 (Fla. 5th DCA 2001) (defendant filed Heggs-like motion based on change in law; his relief, if indeed he is entitled to relief, is by withdrawing his plea and not by receiving the benefit of a negotiated plea sweetened by an additional reduction of sentence based upon subsequent case law); McCray v. State, 796 So.2d 562, 563 (Fla. 3d DCA 2001) (defendant not entitled to relief because his case did not involve an agreement for guidelines sentencing but on the contrary, was for a specific term of years); cf. Dudek v. State, 783 So.2d 331 (Fla. 5th DCA 2001) (“[Appellant] and the State originally agreed to a sentence at the low end of the 1995 guidelines. There was no question raised at that time as to the validity of those guidelines. It was thus contemplated at the time of his plea that he would be sentenced to 85 months in prison. He was and continues to be”).
AFFIRMED.
GRIFFIN and PALMER, JJ., concur.