867 So.2d 449 (2004)
Karen E. RICHMOND, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-2677.
District Court of Appeal of Florida, Third District.
February 4, 2004.
Rehearing Denied March 5, 2004.
Karen Richmond, in proper person.
Charles J. Crist, Jr., Attorney General, and Meredith L. Balo, Assistant Attorney General, for appellee.
Before COPE, GODERICH, and FLETCHER, JJ.
PER CURIAM.
Karen E. Richmond appeals an order denying her motion to correct illegal sentence in which she claims, among other things, errors in calculation of the sentencing guidelines scoresheet or scoresheets used at the time she entered her plea. As we interpret the plea colloquy, the agreement was that the defendant would enter a plea to multiple offenses in three circuit court cases with the court being allowed to impose any sentence up to the legal maximum. As the sentence actually imposed, sixty-three months followed by ten years probation, is well within the legal maximum, correction of the scoresheets (assuming for purposes of discussion that there is any error) would serve no useful purpose. The sentence imposed is a legal one. See Quarterman v. State, 527 So.2d 1380 (Fla.1988); Dunenas v. Moore, 762 So.2d 1007 (Fla. 3d DCA 2000).
*450 The defendant also claims that two offenses to which she entered pleas are barred by double jeopardy. See Novaton v. State, 634 So.2d 607 (Fla.1994). It is not clear from the face of the record that there is such a double jeopardy problem, but in any event, the elimination of the two claimed duplicative offenses would not make a practical difference in the sentence and thus we decline to entertain the defendant's argument on this point. See State v. McBride, 848 So.2d 287, 292 (Fla.2003); Robinson v. State, 373 So.2d 898, 903 (Fla. 1979).
Affirmed.