LAWSON, J.
William R. Siner appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.
On October 24, 2002, Siner entered a nolo contendere plea on counts of lewd and lascivious exhibition, and encouraging or enticing a child less than sixteen years of age to engage in prostitution or other sexual acts in case number 2001-CF-821, and a count of attempted sexual battery in case number 2001-CF-847. Siner was sentenced to a total of thirty-five years incarceration to be followed by ten years of sex offender probation. There was no direct appeal.
On May 18, 2005, Siner filed the instant motion to correct illegal sentence. In his motion he argued that his sentence was illegal because the primary offense alleged in the information was committed on August 1, 1998, prior to the enactment of Florida’s Criminal Punishment Code, and the additional offenses listed on the score-sheet are alleged to have occurred on August 26, 2001. Siner asserted that the trial court was required to use both the 1997 and 1998 versions of the guidelines, and, as such, his scoresheet was not properly scored. Siner further argued that his sentence is illegal because he should have been sentenced pursuant to the guidelines *821 in effect at the time the alleged offense was committed. Finally, Siner argued that he should have been sentenced under the more lenient version of the guidelines because sentencing guidelines are subject to the rule of lenity and that it was error for the trial court to score eighty (80) victim injury points for non-contact crimes.
Contrary to his arguments, Siner entered into a plea agreement for a specific term of years, that is, the agreement was not conditioned upon a sentence within a specific guidelines range. Siner does not argue that the sentences he agreed to exceeded the statutory máximums for his offenses or that the trial- judge did not impose the agreed upon sentences. Therefore, the trial court properly concluded that Siner’s sentences were not illegal. See Wright v. State, 911 So.2d 81 (Fla.2005); White v. State, 816 So.2d 820 (Fla. 5th DCA 2002).
AFFIRMED.
PLEUS, C.J., and GRIFFIN, J., concur.