WELLS, Judge.
 

 Lorenzo Tatum appeals from an order denying the instant collateral attack on the sentence imposed on him in 1993. Tatum’s arguments have either already been adjudicated multiple times, once by this Court, or are now time barred from further consideration.
 

 Tatum was sentenced to 40 years in prison on December 3,1993, after pleading guilty to second degree murder, armed robbery, aggravated battery, armed burglary, unlawful possession of a firearm, and grand theft in the third degree in case number 91-42776D.
 
 [1]
 
 In June 1995, Tatum filed his first Florida Rule of Criminal Procedure 3.800 motion claiming that he was (1) illegally sentenced as an adult in violation of section 39.059 of the Florida Statutes, and (2) denied due process because “[ajfter the direct and redirect testimonies of the witnesses’ [sic], the trial judge told Mr. Tatum, that he has determined to impose adult sanctions as opposed to juvenile sanctions in the case.”
 

 Claiming that he had received no order on this motion, in November 1998, Tatum filed a Florida Rule of Criminal Procedure 3.850 motion claiming that his guilty plea was involuntary because he was improperly treated and sentenced as an adult rather than as a juvenile in violation of section 39.059 of the Florida Statutes and because he was denied due process since his parents were not contacted before he accepted a plea and was sentenced. In light of
 
 *702
 
 subsequent proceedings, this motion apparently was denied.
 

 In July of 1999, Tatum filed his second Rule 3.800 motion, at least his third motion attacking his agreed to sentence. This motion claimed that Tatum’s sentence was illegal because:
 

 • it violated section 39.059 of the Florida Statutes;
 

 • absent a jury determination that he had used a firearm when he committed the second degree murder for which he was being sentenced, the maximum sentence he could receive for second degree murder, a first degree felony, was 30 years in prison rather than the 40 year sentence he received;
 

 • a statutory three-year minimum mandatory sentence for use of a firearm was improperly imposed;
 

 • no additional crimes should have been scored because they were all part of the same undertaking; and
 

 • no written reasons were given for the purported departure 40 year sentence.
 

 On August 3, 1999, the court below rejected each of these arguments confirming (1) that the maximum sentence for second degree murder with a firearm — to which Tatum more than once has conceded that he pled guilty — is life imprisonment; (2) the maximum penalty for attempted first degree murder with a firearm, armed robbery with a firearm, and armed burglary with a firearm — to which Tatum also con-cededly pled guilty — are also punishable by life imprisonment; (3) a 40 year sentence does not exceed a statutory maximum of life; (4) Tatum’s argument regarding the minimum mandatory sentence was moot since he had already served that sentence; and, (5) although Tatum’s section 39.059 claim should have been raised on direct appeal and was procedurally barred, no error could be demonstrated because the sentencing court had the discretion to determine whether to sentence Tatum, who had been charged as an adult, as a juvenile or as an adult.
 

 Tatum appealed from that order, and in case number 3D99-2411, this Court expressly concluded that each of Tatum’s claims was without merit:
 

 Lorenzo Tatum appeals an order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). He argues that he was a juvenile at the time he pled guilty to second degree murder and other crimes in 1993, and contends that his sentence is illegal because the sentencing court did not make findings regarding the necessity of adult sanctions.
 
 See
 
 § 39.059(7)(d), Fla. Stat. (1991). We reject that claim on authority of
 
 Summers v. State,
 
 684 So.2d 729 (Fla.1996).
 
 We find no merit to appellant’s remaining points and reject them without discussion.
 

 Affirmed.
 

 Tatum v. State,
 
 741 So.2d 1266, 1266 (Fla. 3d DCA 1999) (emphasis added).
 

 Undeterred, in June of 2005, Tatum filed yet another Rule 3.800 motion. This motion, like the last, claimed (1) that Tatum’s second degree murder conviction should not have been “enhanced” for use of a firearm from a first degree to a life felony; (2) his scoresheet should have been scored for an “unenhanced” second degree murder, which is a first degree felony, rather than as a life felony “enhanced” for use of a firearm; and, (3) that the remainder of his convictions had been mis-scored.
 

 In November 2005, the trial court denied the motion, confirming that these claims had already been made and previously denied. Although Tatum’s June 2005 motion did not claim that his guilty plea was predicated on an agreement that
 
 *703
 
 he be sentenced within sentencing guidelines, the order denying this motion also stated that the record did not reflect the existence of such an agreement:
 

 PETITIONER LORENZO TATUM complains that the sentencing guidelines were miscalculated at the time of his guilty plea. Petitioner has filed three previous motions for collateral relief. At least one of those motions, that is,
 
 the motion Med on July IS, 1999, raised the same grounds as the grounds raised in the cuirent motion.
 
 The motion on those grounds was denied by Judge Richard Margolius on August 3, 1999. Although there is no plea colloquy available for the Court’s review,
 
 there is nothing in the court file to indicate that the guilty plea was conditioned upon an agreement that the sentence be within the sentencing guidelines.
 
 It is therefore,
 

 ORDERED AND ADJUDGED that the defendant’s Motion to Correct Illegal Sentence is DENIED.
 

 (Emphasis added).
 

 On appeal, this order was reversed, without explication, “[b]ecause the record now before us fails to make the required showing [that the defendant is not entitled to any relief].”
 
 Tatum v. State,
 
 957 So.2d 1214, 1214 (Fla. 3d DCA 2007). In February of 2008, Tatum filed a motion in the trial court to enforce this mandate. The motion to enforce, like Tatum’s prior two motions, raised the same issues raised and rejected by this court in 1999:
 

 WHETHER TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENIAL OF DEFENDANT’S CLAIM OF IMPROPER CALCULATION OF SENTENCING GUIDELINE SCORESHEET DUE TO IMPROPER RECLASSIFICATION OF FIRST DEGREE FELONIES TO LIFE FELONIES, WHERE FIREARM WAS ESSENTIAL ELEMENT OF OFFENSES BY INCORPORATION AS DEFENDANT WAS CONVICTED AND SENTENCED FOR POSSESSION OF FIREARM AS THIS CAUSE HAS BEEN REVERSED AND REMANDED AS NO ATTACHMENTS CONCLUSIVELY DEMONSTRATED THAT DEFENDANT WAS NOT ENTITLED TO RELIEF SOUGHT, WHICH WAS APPARENT ON THE FACE OF THE RECORD AND CORRECTION IS WARRANTED IN THE INTEREST OF PREVENTING A MANIFEST INJUSTICE FROM CONTINUING TO OCCUR?
 

 This motion also argued
 
 for the fírst time
 
 that Tatum’s attorney had assured him that his sentence for second degree murder would be within the guidelines for a first degree felony and as a consequence his guilty plea to second degree murder with a firearm (as a life felony) was involuntary.
 

 The trial court summarily denied this motion. On yet another appeal, we treated this order as a denial of a motion to enforce our mandate in
 
 Tatum,
 
 957 So.2d at 1214, and concluded:
 

 Based on the decision and accompanying mandate in Tatum, the trial court had the option of denying Defendant’s motion and attaching portions of the record conclusively showing that Defendant is not entitled to relief, or granting the motion.
 
 McIntosh v. State,
 
 914 So.2d 511 (Fla. 5th DCA 2005). Because the trial court has not yet taken either course, we grant the motion and direct the trial court to promptly comply with our previously-issued mandate.
 

 Tatum v. State,
 
 994 So.2d 1231, 1231 (Fla. 3d DCA 2008).
 

 On August 11, 2009, the trial court denied Tatum’s motion for yet a third time:
 

 
 *704
 
 PETITIONER LORENZO TATUM complains that the sentencing guidelines were miscalculated at the time of his guilty plea. Petitioner has filed three previous motions for collateral relief. At least one of these motions, that is, the motion filed on July 15, 1999, raised the same grounds as the grounds raised in the current motion. The motion on those grounds was denied by Judge Richard Margolius on August 3, 1999. Although there is no plea colloquy available for the Court’s review, there is nothing in the court file to indicate that the guilty plea was conditioned upon an agreement that the sentence be within the sentencing guidelines. It is therefore,
 

 ORDERED AND ADJUDGED that the defendant’s Motion to Correct Illegal Sentence is DENIED.
 
 Skidmore v. State,
 
 688 So.2d 1014 ([Fla.] 3rd DCA 1997).
 
 Speer v. State,
 
 734 So.2d 454 ([Fla.] 4th DCA 1999).
 
 Perry v. State,
 
 705 So.2d 615 ([Fla.] 5th DCA 1998). The clerk of the Circuit Court of the 11th Judicial Circuit is hereby,
 

 ORDERED to attach copies of the petitioner’s motion filed July 15, 1999, Judge Margolius’ order on the motion rendered on August 3, 1999, the State’s response to the instant motion.
 

 Tatum appeals again. For the following reasons, we affirm.
 

 First, all of Tatum’s Rule 3.800 claims — that is his claims that his sentence is illegal because section 39.059 was improperly applied; that absent a jury determination that the second degree murder to which he pled guilty was committed with a firearm, he had to be sentenced for a first degree felony rather than for a life felony; and that the remainder of his convictions were improperly scored — have already been adjudicated by this court in
 
 Tatum,
 
 741 So.2d at 1266. These claims were, therefore, properly rejected by the court below in November of 2005, when it denied Tatum’s June 2005 motion.
 
 See State v. McBride,
 
 848 So.2d 287, 289, 291 (Fla.2003) (“[T]he law of the case doctrine ... requires that ‘questions of law
 
 actually decided on appeal
 
 must govern the case in the same court and the trial court, through all subsequent stages of the proceedings.’ ... Collateral estoppel ... precludes a defendant from rearguing in a successive rule 3.800 motion the same issues argued in a prior motion.” (quoting
 
 Florida Dep’t of Transp. v. Juliano,
 
 801 So.2d 101, 105 (Fla.2001))). There is, therefore nothing further to be done, whether by further proceedings or by attachment of documents, with regard to these claims.
 

 Second, Tatum’s suggestion (made for the first time in his February 2008
 
 [2]
 
 motion to enforce mandate and argued again here) that he was misadvised by his attorney as to how his second degree murder conviction would be scored, and thus that his plea was involuntary, entitles him to no remand or relief. Such claims cannot be discerned from the face of the record and do not, therefore, fall within the purview of a Rule 3.800 motion. See Fla. R.Crim. P. 3.800(a) (providing that a court may “at any time” correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, or a sentence that does not grant proper credit for time served
 
 “when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief”)
 
 (emphasis added). At best, these ineffective assistance
 
 *705
 
 of counsel/involuntary plea claims are cognizable, if at all, under Rule 3.850 with its two year time limitation — a limitation which had long since passed when these claims were first raised. Fla. R.Crim. P. 3.850(b) (providing that except for motions seeking to vacate a sentence that exceeds the limits provided by law, motions claiming that a plea is involuntary or that a judgment or sentence is otherwise subject to collateral attack must be filed within two years after the judgment and sentence become final);
 
 see Towery v. State,
 
 977 So.2d 774, 774 (Fla. 2d DCA 2008) (confirming that a claim that a plea was involuntarily entered based on a scoresheet miscalculation falls within the purview of Rule 3.850);
 
 Rankin v. State,
 
 861 So.2d 1222, 1224 (Fla. 2d DCA 2003) (confirming that Rule 3.850 governs a claim that a defendant would not have entered a plea had he been aware of the correct guidelines sentence);
 
 West v. State,
 
 935 So.2d 123, 124 (Fla. 4th DCA 2006) (stating that a “defendant may file a rule 3.850 motion to seek withdrawal of his plea based on its involuntary character due to [an] incorrect scoresheet”);
 
 see also Ey v. State,
 
 982 So.2d 618, 625 (Fla.2008) (concluding that the two-year time limit imposed by Rule 3.850 begins to run from the date the conviction becomes final and not from the time the defendant learns of attorney mis-advice);
 
 Singleton v. State,
 
 981 So.2d 1259, 1261 (Fla. 2d DCA 2008) (concluding that as to claim at issue, “the claim of misadvice does not depend on ‘facts’ that ‘could not have been ascertained by the exercise of due diligence’ and the exception in rule 3.850(b)(1) from the two-year time limitation on the filing of postconviction claims is therefore not applicable.”).
 
 [3]
 
 There is, therefore, nothing for further determination in this ease.
 

 Accordingly, the order denying Tatum’s June 2005 motion is in all respects affirmed.
 

 [1]
 

 . He was simultaneously sentenced to 40 years in prison, to run concurrent with the sentence imposed in case number 91-42776D, in case number 93-3185B for armed robbery, armed burglary, and burglary. According to one of Tatum’s sworn motions, he was also sentenced to a fifteen year sentence in case number 93-3518B for conspiracy to commit armed robbery and five years in prison for grand theft. He does not complain about these sentences.
 

 [2]
 

 . Although Tatum argues here that this claim was made in his June 2005 motion, no such claim appears in that motion.
 

 [3]
 

 . This presumes, of course, that Tatum’s plea was a guidelines plea, a subject which at this juncture need not be addressed either below or here.