PER CURIAM.
 

 The appellant filed a facially sufficient motion pursuant to Florida Rule of Criminal Procedure 3.850 arguing eight grounds of ineffective assistance of counsel. We affirm denial of the appellant’s first seven claims without further comment. However, for the reasons discussed below, we reverse and remand the denial of ground eight.
 

 In ground eight of the appellant’s motion, the appellant made two different claims. The appellant claimed that his scoresheet was incorrect and that defense counsel misadvised him that he was pleading to his lowest permissible sentence of 84 months, when his scoresheet revealed a lowest permissible sentence of 58.50 months. In its order denying the appellant’s postconviction motion, the trial court addressed the first part of appellant’s
 
 *1089
 
 claim regarding the incorrect scoresheet, but failed to address the second part of the appellant’s claim regarding his counsel’s misadvice. Because the appellant stated a cognizable claim of ineffective assistance of counsel,
 
 see Skidmore v. State,
 
 688 So.2d 1014, 1015 (Fla. 3d DCA 1997), and that claim is not conclusively refuted by the record on appeal, we reverse that part of the order denying this claim and remand to the trial court to either attach portions of the record conclusively refuting the appellant’s claim, or, in the alternative, to hold an evidentiary hearing at which the appellant may prove his allegations.
 

 AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
 

 BENTON, C.J., WETHERELL, and ROWE, JJ., concur.