# Third District Court of Appeal

## State of Florida

Opinion filed August 30, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1073
Lower Tribunal No. F86-15686

_____

**Derek Newton Thomas,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Tanya Brinkley, Judge.

Derek Newton Thomas, in proper person.

Ashley Moody, Attorney General, for appellee.

Before EMAS, HENDON and BOKOR, JJ.

PER CURIAM.

Affirmed. <u>Dunenas v. Moore</u>, 762 So. 2d 1007, 1008 (Fla. 3d DCA 2000) ("When a negotiated plea agreement is not conditioned upon the imposition of a sentence within a specific guideline range, improper scoring of the defendant's scoresheet will not render the plea illegal unless the sentence exceeds the statutory maximum") (citing <u>Skidmore v. State</u>, 688 So. 2d 1014 (Fla. 3d DCA 1997); <u>Russell v. State</u>, 656 So. 2d 203 (Fla. 5th DCA 1995) (scoresheet error harmless when based on plea bargain); <u>Gentile v. State</u>, 673 So. 2d 76 (Fla. 5th DCA 1996) (if negotiated plea is not conditioned upon a specific guideline range, any error will be harmless); and <u>Boerstler v. State</u>, 622 So. 2d 184 (Fla. 1st DCA 1993)(sentence imposed in accordance with valid plea agreement will not be rendered illegal due to scoresheet error)). <u>See also</u> <u>Coppola v. State</u>, 938 So. 2d 507 (Fla. 2006); <u>Atiyeh v. State</u>, 103 So. 3d 243 (Fla. 3d DCA 2012); <u>Brown v. State</u>, 781 So. 2d 484, 485-86 (Fla. 4th DCA 2001) (affirming trial court order denying rule 3.800(a) motion, and noting that defendant's claim that the sentence imposed exceeded the recommended sentence under the guidelines was without merit where his sentence "was not imposed pursuant to a recommended guidelines sentence, but rather as part of a negotiated plea agreement.")