760 So.2d 1045 (2000)
Jireh KLEPPINGER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D97-5207.
District Court of Appeal of Florida, Second District.
June 16, 2000.
*1046 Gonzalo A. Gayoso, Miami (withdrew after briefing); Michael W. Johnson, Ocala (substituted as counsel of record), for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert J. Krauss, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Appellant, Jireh Kleppinger, challenges his judgment and sentence for burglary of a conveyance. Kleppinger's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We find no merit to the issues raised by Kleppinger. However, our independent review of the record reveals that Kleppinger entered his plea utilizing a 1995 sentencing guidelines scoresheet. The Supreme Court of Florida has recently ruled that chapter 95-184, Laws of Florida, which enacted the 1995 sentencing guidelines, violates the single subject rule. See Heggs v. State, 759 So.2d 620 (Fla. 2000). Thus, Kleppinger may be entitled to challenge the voluntary and intelligent nature of his plea by filing a motion pursuant to Florida Rule of Criminal Procedure 3.850. See Skidmore v. State, 688 So.2d 1014 (Fla. 3d DCA 1997) ("If a defendant claims that he would not have pled guilty or nolo if he had known what his correct scoresheet total had been ... then that is an attack on the voluntary and intelligent character of the plea which is a claim that must be brought by a timely 3.850 motion to withdraw the plea in the trial court."). We express no opinion on the merits of any such claim and affirm Kleppinger's judgment and sentence without prejudice to him filing a rule 3.850 motion.
Affirmed.
CAMPBELL, A.C.J., and PARKER, J., Concur.