SILBERMAN, Judge.
William Troy Herman appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Because Herman failed to state a facially sufficient claim, we affirm.
Herman pleaded guilty to several charges pursuant to a plea agreement in 1994. He served a prison sentence and was released to probation. In 1999, he violated probation and also incurred new charges. Herman pleaded guilty to the violation of probation.
When Herman pleaded guilty to the charges in Í994, his sentencing scoresheet reflected a recommended sentencing range of three and one-half to five and one-half years in prison. At sentencing for the violation of probation, the State presented a new scoresheet that included offenses which had not been included on Herman’s original scoresheet. His potential maximum sentence was substantially increased by the inclusion of the additional offenses.
Herman alleged in his rule 3.850 motion that his 1994 plea was rendered involuntary by the inaccurate scoresheet because he would not have entered a guilty plea had he known of the true potential maximum sentence. Herman also alleged that his counsel was ineffective for failing to object to the original erroneous scoresheet.
*1001 Significantly, Herman failed to allege: whether he knew of the scoresheet error, including the omission of his prior offenses, at the time of his original sentencing; when he learned of the error; whether his attorney knew of the scoresheet error; and that the facts on which his claim was based were unknown to him or his attorney, and could not have been ascertained by the exercise of due diligence. We conclude that absent such allegations, Herman’s claim is facially insufficient. Moreover, without those allegations, we are unable to determine the timeliness of Herman’s motion pursuant to rule 3.850. See Peart v. State, 756 So.2d 42 (Fla.2000).
If Herman files a facially sufficient motion under rule 3.850 addressing the same claim, it shall not be deemed successive.
Affirmed.
THREADGILL, A.C.J., and DAVIS, J., Concur.