825 So.2d 994 (2002)
John Justin WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-310.
District Court of Appeal of Florida, Fourth District.
July 31, 2002.
Rehearing Denied September 30, 2002.
*995 John Justin Williams, Century, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant challenges the trial court's denial of his motion to correct an illegal sentence based upon Florida Rule of Criminal Procedure 3.800(a) alleging a scoresheet error. Although there appears to be a scoresheet error, appellant entered a negotiated plea to the exact sentence he received. His sentence is not beyond the statutory maximum for the crime for which he was sentenced. Therefore, he is not entitled to relief.
Pursuant to a negotiated plea agreement, appellant pled guilty to one count of lewd assault, a second degree felony punishable by up to fifteen years in prison. At the same time, the state agreed to nol prosse a second count which also carried a possible fifteen year prison term. The state and appellant agreed that the court would sentence him to fifty-four months in prison, with credit for time served. A 1994 scoresheet was used to calculate the guidelines range, even though the crime occurred in 1998. The prosecutor told the court at the sentencing hearing that the 1994 scoresheet was used to avoid Heggs issues. It included forty points for "sexual penetration." At sentencing, the prosecutor also noted with respect to appellant's scoring that absent the plea the state would have asked the court to exceed the guidelines based upon appellant's prior juvenile record. The court accepted the plea after a careful examination of appellant and sentenced him to the fifty-four month agreed term.
About a year later, appellant filed a motion to correct an illegal sentence pursuant to rule 3.800(a) alleging that the forty points for sexual penetration had been erroneously added to the scoresheet, as penetration was non-existent in the crime to which he pled. Appellant alleged that without those points, his guidelines range would have dropped such that the sentence he received would have been a departure sentence.
The state responded that it used the wrong scoresheet and that it should have used the 1995 scoresheet. However, under the 1995 version, sexual contact would have permitted scoring forty points, so the sentence given would have been within the guidelines under the 1995 scoresheet. The trial court agreed and denied relief.
We affirm but on a different analysis. Appellant has not argued that the wrong scoresheet was used. Instead, he agreed to use the 1994 scoresheet. He simply argues that the assessment of forty points for sexual penetration was error. *996 However, "when a defendant enters a negotiated plea for a term of years, relying upon an incorrectly calculated scoresheet, such sentence is not illegal so long as it does not exceed the statutory maximum." Mortimer v. State, 770 So.2d 743, 744 (Fla. 4th DCA 2000); accord Ivy v. State, 754 So.2d 776, 776 (Fla. 4th DCA 2000); Gibson v. State, 619 So.2d 31, 31-32 (Fla. 4th DCA 1993). Appellant's sentence does not exceed the statutory maximum.
Our affirmance is without prejudice to appellant filing a motion for postconviction relief pursuant to rule 3.850 to seek withdrawal of his plea based upon its involuntary character due to the incorrect scoresheet. Although in his filings with this court he has stated that he does not wish to withdraw his plea, that is his only avenue of relief.
STONE and KLEIN, JJ., concur.