861 So.2d 1222 (2003)
Robert W. RANKIN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3990.
District Court of Appeal of Florida, Second District.
December 12, 2003.
*1223 PER CURIAM.
Robert W. Rankin challenges the trial court's order summarily denying his motion and amended motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without prejudice to Rankin filing a facially sufficient claim under rule 3.850 regarding two of the four grounds that he asserted in his motions.
The attachments to the trial court's order show that in trial court case number 97-9354, Rankin entered guilty pleas to aggravated battery of a law enforcement officer and aggravated assault on a law enforcement officer.[1] At the plea hearing, Rankin's counsel objected to the sentencing guidelines scoresheet, stating, "I do object to the score sheet as to the severity of victim injury of 40 points being assessed. I don't believe that would be able to be verified. I just want to make sure that is not waived at any further [sic] time." The trial court responded that Rankin would be able to litigate and discuss that issue, apparently at the time of sentencing, as long as he understood that it was an open plea.
The sentencing hearing was postponed to allow Rankin an opportunity to provide substantial assistance to law enforcement. Rankin was represented by substitute counsel at the sentencing hearing, and according to Rankin's own statements, he was unable to provide substantial assistance to law enforcement. Rankin's counsel stated to the trial court that he had advised Rankin that he wanted to challenge the scoring of victim injury but could not do so because "[t]he scoresheet that was submitted at the time of Mr. Rankin's pleas was agreed to by counsel for Mr. Rankin at that time."[2] Counsel requested a downward departure on the basis that Rankin required specialized treatment for drug addiction and that he was amenable to such treatment. The State requested a guidelines prison sentence.
In his rule 3.850 motion, Rankin alleged that substitute counsel was ineffective for failing to object to the incorrect scoring of forty victim injury points on the sentencing scoresheet. The trial court denied the claim, finding that substitute counsel's performance was not defective because "counsel did bring the aforementioned 40 points to the Court's attention, and explained on the record, the presence of Defendant [sic], as to why he could not contest the aforementioned points on the sentencing guidelines scoresheet." The trial court found that because substitute counsel's performance was not deficient, it need not address the prejudice component of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The trial court's reasoning was erroneous because at the plea hearing, Rankin's original counsel specifically objected to the scoring of victim injury points and the trial court agreed that the issue would be litigated and discussed at the sentencing hearing. Additionally, substitute counsel was incorrect in stating that Rankin's prior counsel had agreed to the scoresheet.
Although the trial court's analysis was incorrect, we must affirm the denial of relief on this ground because Rankin failed *1224 to state a facially sufficient claim of ineffectiveness of substitute counsel. A claim that a plea was involuntarily entered based on trial counsel's failure to object to an inaccurate scoresheet is a cognizable rule 3.850 claim. See Herman v. State, 795 So.2d 1000 (Fla. 2d DCA 2001). However, a defendant raising such a claim must allege that he would not have entered his plea had he been aware of the correct guidelines sentencing range. See Kleppinger v. State, 760 So.2d 1045, 1046 (Fla. 2d DCA 2000) (citing Skidmore v. State, 688 So.2d 1014 (Fla. 3d DCA 1997)); Smith v. State, 741 So.2d 579, 580 (Fla. 3d DCA 1999). Because Rankin failed to allege that he would not have entered his pleas had he been aware of the correct sentencing range, his claim is facially insufficient.
We note that Rankin may have a valid claim that his plea was involuntarily entered because he entered it in the mistaken belief that counsel would challenge the scoring of victim injury at the time of the sentencing hearing. However, where a defendant claims that his plea was involuntarily entered based on a mistake or based on misinformation, he must still allege "that he would not have entered the plea had he been given the correct information." Days v. State, 637 So.2d 66, 66 (Fla. 1st DCA 1994); see also State v. Taylor, 738 So.2d 988, 989 (Fla. 2d DCA 1999). Rankin, if he is able, may present this claim in a subsequent motion.
Rankin also alleged that trial counsel was ineffective for failing to object that five convictions for possession of cocaine were scored as "additional and/or prior convictions" on the sentencing guidelines scoresheet when he only had four such convictions. The trial court denied the claim, finding that only two convictions for possession of cocaine were scored in the "prior record" section of the sentencing guidelines scoresheet. The trial court, however, failed to take note that three convictions for possession of cocaine were scored in the "additional offenses" section of the scoresheet. Again, because Rankin did not allege that he would not have entered his pleas had he been aware of the correct sentencing guidelines range, we affirm the order denying relief. See Kleppinger, 760 So.2d at 1046. We also note that this claim was insufficient because Rankin did not allege that counsel knew or should have known of the errors. See Richie v. State, 777 So.2d 977 (Fla. 2d DCA 1999).
Accordingly, we affirm the trial court's order without prejudice to any right Rankin might have to file a facially sufficient motion raising the grounds for relief discussed above. Such a motion shall not be considered successive. See Herman, 795 So.2d at 1001. We affirm without discussion the denial of relief as to Rankin's other claims.
Affirmed.
SALCINES, STRINGER, and SILBERMAN, JJ., Concur.
NOTES
[1] It appears from the copy of the sentencing guidelines scoresheet attached to the trial court's order that Rankin simultaneously entered pleas in at least four other trial court cases.
[2] We note that the prosecutor who attended the sentencing hearing was not the same prosecutor who had attended the plea hearing.