935 So.2d 123 (2006)
Derry L. WEST, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-221.
District Court of Appeal of Florida, Fourth District.
August 9, 2006.
Derry L. West, Belle Glade, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The appellant challenges the trial court's order summarily denying his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse with respect to the appellant's fourth claim for relief, and affirm the denial of the remainder of the appellant's claims without discussion.
Pursuant to a negotiated plea agreement, the appellant pleaded guilty to grand theft and battery. He was sentenced *124 to 62.1 months in prisonthe lowest permissible sentencewith credit for time served, and to time served, respectively. In addition, the state nolle prossed the violation of probation in another case. No direct appeal was taken.
The appellant alleges that he informed his counsel of errors in his scoresheet; yet, counsel failed to object. Appellant claims these errors resulted in an extra 26.6 points on his scoresheet. In addition, he argues that his sentence exceeds the statutory maximum of 5 years for a third degree felony. Appellant further contends that the alleged scoresheet errors affected the voluntariness of his plea.
In denying relief, the trial court explained that a sentence which exceeds the statutory maximum is not necessarily illegal. When the statutory maximum sentence is exceeded "by the lowest permissible sentence under the guidelines prepared pursuant to the code, the lowest permissible sentence under the code becomes the maximum sentence which the trial judge can impose." Butler v. State, 838 So.2d 554 (Fla.2003); Demar v. State, 840 So.2d 381 (Fla. 1st DCA 2003).
However, appellant argues that his scoresheet was incorrectly calculatedan allegation the state does not refuteand that his plea was therefore involuntary. As this Court reiterated in Williams v. State, 825 So.2d 994 (Fla. 4th DCA 2002), cause dismissed, 891 So.2d 554 (Fla.2002): "when a defendant enters a negotiated plea for a term of years relying upon an incorrectly calculated scoresheet, such sentence is not illegal if it does not exceed the statutory maximum." Id. at 996. Yet, the defendant may file a rule 3.850 motion to seek withdrawal of his plea based on its involuntary character due to the incorrect scoresheet. Id.; see also Boerstler v. State, 622 So.2d 184 (Fla. 1st DCA 1993) (sentence imposed in accordance with valid plea agreement will not be rendered illegal due to scoresheet error; however, affirmance was without prejudice to appellant filing an appropriate motion for collateral relief as to the voluntariness of his plea). The state cites Ruff v. State, 840 So.2d 1145 (Fla. 5th DCA 2003), for the proposition that scoresheet errors are considered harmless when a sentence is the result of a negotiated plea agreement. In affirming in that case, however, the Fifth District did so "without prejudice to [appellant] to file a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, raising the issue of the voluntariness of his plea and seeking to withdraw from the plea should he conclude that to do so would be in his best interests." Id. at 1147. Appellant has done so here.
Because the trial court denied relief without attaching documents which would refute appellant's fourth claim, this case is remanded to the trial court for either attachment of those portions of the record that would demonstrate the defendant is not entitled to any relief or an evidentiary hearing. In all other respects, we affirm the trial court's denial of 3.850 relief.
GUNTHER, WARNER and MAY, JJ., concur.