976 So.2d 698 (2008)
Trevor L. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-3964.
District Court of Appeal of Florida, Second District.
March 26, 2008.
PER CURIAM.
Trevor L. Johnson appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand because the postconviction court should have considered his motion as if it were filed pursuant to rule 3.850.
*699 In his motion, Johnson sought correction of a scoresheet miscalculation, which he claims denied him the benefit of his plea agreement for the lowest permissible prison sentence. The State responded to the motion and conceded the obvious calculation error.[1] However, citing Williams v. State, 825 So.2d 994 (Fla. 4th DCA 2002), the State asserted that the plea agreement was for a specific term of 65.18 months and, therefore, the scoresheet miscalculation did not warrant resentencing because the sentence imposed does not exceed the statutory maximum. The State further asserted that "there is no indication in the plea colloquy that the bottom of the guidelines was the specific offer from the State."
The trial court considered the plea form and the transcript of the plea hearing and concluded that "defendant entered into a negotiated plea for a term of years, and the record does not clearly demonstrate that the parties to the plea agreement intended that Defendant be sentenced to the lowest permissible prison sentence."
The plea form recites "FSP 65.18 months," which is the number of months that Johnson's counsel stated was the bottom of the guidelines sentence. The excerpt from the plea colloquy that is relevant to this issue reads:
[Defense Counsel]: Judge, we have reached a negotiated plea agreement.
THE COURT: All right, what are we going to do?
[Defense Counsel]: [The State] has agreed to amend in case number 03-12655, [the State] has agreed to amend and reduce the burglary of a dwelling to burglary of a structure.
Mr. Johnson will plead guilty as charged to the remaining counts in that information and in case number XX-XXXXXX, the sentence will be a bottom of the guidelines sentence of 65.18 months Florida State Prison and he'll be sentenced as a habitual felony offender and we'll stipulate to the fact that Mr. Johnson does qualify as a habitual felony offender.
He has reviewed the plea form as well as the sentencing guideline scoresheet and I'm passing that forward.
While the plea form specifies a term of "FSP 65.18 months," the transcript supports Johnson's claim that the agreement was for the lowest permissible prison sentence, which the original scoresheet reflected was 65.18 months. Thus, we are unable to agree with the trial court that the record refutes Johnson's claim.
Johnson's entitlement to be resentenced turns on whether his plea agreement was for a specific term of years as the State asserts and the trial court found, or whether it was for the lowest permissible prison sentence, which the plea colloquy appears to support. Thus, Johnson's claim is the type of claim cognizable under rule 3.850 which affords the evidentiary hearing required to determine the terms of Johnson's plea agreement. See Dellofano v. State, 946 So.2d 127, 129 (Fla. 5th DCA 2007) (Lawson, J., concurring specially) (observing that because there is no procedure in the Florida Rules of Criminal Procedure for a "motion to enforce plea agreement," the only avenue available to the movant is to file a claim pursuant to rule 3.850). Johnson's rule 3.800(a) motion was filed within the two-year period applicable to rule 3.850 motions, but it was not sworn. The trial court should have treated his motion as a timely filed, facially sufficient rule 3.850 motion and dismissed the motion, *700 giving leave to refile the motion under oath within thirty days. See Spera v. State, 971 So.2d 754 (Fla.2007).
We therefore reverse and remand for reconsideration under rule 3.850. Because the plea agreement and the transcript of the plea colloquy preclude a summary denial of Johnson's claim, we anticipate that Johnson will be entitled to an evidentiary hearing if he refiles a properly sworn motion.
FULMER, WHATLEY, and CANADY, JJ., Concur.
NOTES
[1] The lowest permissible prison sentence reflected on the original scoresheet was 65.18 months. The properly calculated scoresheet reflects a lowest permissible prison sentence of 53.4 months.