977 So.2d 774 (2008)
Angeline TOWERY, Appellant,
v.
STATE of Florida, Appellee.,
No. 2D07-2074.
District Court of Appeal of Florida, Second District.
March 28, 2008.
SILBERMAN, Judge.
Angeline Towery challenges the order of the postconviction court denying her motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without prejudice to any right Towery may have to file a facially sufficient rule 3,850 motion alleging that her guilty pleas were involuntarily entered based upon a miscalculation in the sentencing guidelines scoresheet.
In her postconviction motion filed by counsel, Towery alleged that in exchange for a total overall sentence of 62.71 months imprisonment she entered guilty pleas in two cases to the following offenses: trafficking in morphine a first-degree felony; trafficking in amphetamine, a first-degreee felony; possession of cannbis with intent to sell, a third=degree felony; two counts of possession of a controlled substance, a third-degree felony; driving while license suspended or revoked a third-degree felony; two counts of misdemeanor possession of drug paraphernalia; and misdemeanor driving while *775 license suspended or revoked.[1] She claimed that "[a] reasonable interpretation of the plea colloquy indicates that the state's offer of 62.71 months was premised upon the fact that the lowest permissible sentence was 62.71 months." She asserted that her sentencing scoresheet, which was attached as an exhibit to her motion, was incorrectly calculated. She contended that had the scoresheet been correctly calculated, the lowest permissible sentence would have been 49.2 months' imprisonment rather than 62.71 months' imprisonment. Because of the alleged error, she claimed that her plea was not voluntary and that trial counsel was ineffective by failing to make sure the scoresheet was accurate.
In its response the State argued that Towery's plea was to a specific term of incarceration, not an unspecified amount of time based on the guidelines calculations. The State added that "[n]othing in the record supports her contention that the State's offer of 62.71 months was premised on the incorrect score sheet." The postconviction court agreed with the State's argument and denied Towery's motion.
The transcript of the plea hearing reflects that the prosecutor agreed to forego imposition of the drug trafficking multiplier under Florida Rule of Criminal Procedure 3.704(d)(19) and offered Towery 62.71 months' imprisonment with a three-year minimum mandatory. The prosecutor noted that Towery had an exposure of approximately seventy-five years' imprisonment. The transcript also reflects the parties agreed that the quantity of morphine that was the subject of the trafficking count was 6.3 grams rather than the amount charged in the information, greater than fourteen grams but less than twenty-eight grams.
The trafficking in morphine count was scored as the primary offense on the scoresheet. It was scored as a level 8 offense under the offense severity ranking chart in the Criminal Punishment Code. See §§ 893.135(1)(c)(1)(b), 921.0022(3), Fla. Stat. (2004). The scoresheet indicated that the minimum sentence under the guidelines was 62.71 months' imprisonment. Because the actual amount of the morphine was less than the amount originally charged, it appears that the offense should have been scored as a level 7 offense. See §§ 893.135(1)(c)(1)(a), 921.0022(3). The prosecutor did not amend the scoresheet to reflect the lower offense level, and Towery claimed that had the correction been made, the minimum sentence would have been 49.2 months' imprisonment.
Although Towery's claim that her plea was involuntary due to her trial counsel's failure to object to an inaccurate scoresheet is a cognizable rule 3.850 claim, Towery failed to allege that she would not have entered her plea had she been aware of the correct guidelines sentencing range. See Rankin v. State, 861 So.2d 1222, 1224 (Fla. 2d DCA 2003). Thus, her motion was facially insufficient. Id. However, the postconviction court did not dismiss the motion as facially insufficient with leave to amend within a reasonable period of time. See Spera v. State, 971 So.2d 754, 761 (Fla.2007). Instead, the court denied the motion, finding that any scoresheet error was harmless because Towery entered into a negotiated plea for a term of years.
In Harris v. State, 810 So.2d 1093, 1094 (Fla. 5th DCA 2002), the court recognized that "[s]coresheet errors are harmless when the sentence is the result of a negotiated plea agreement." Harris had entered his plea in exchange for a four-year sentence *776 rather than a guidelines sentence. Id. Here, Towery pleaded to a specific term of 62.71 months' imprisonment, which was the exact amount of the minimum sentence under the erroneous scoresheet. In her motion, she asserted that the State's offer of 62.71 months was premised on the fact that the scoresheet incorrectly reflected 62.71 months as the lowest permissible sentence.
Based on these circumstances, we cannot agree that the record conclusively establishes that the alleged scoresheet error is harmless. Instead, we conclude that if Towery is able to amend her motion to allege that she would not have entered her plea had she known that the minimum guidelines sentence was 49.2 months' imprisonment rather than 62.71 months' imprisonment, her claim that her plea was involuntarily entered would be facially sufficient and cognizable. Therefore, we affirm the postconviction court's order without prejudice to any right Towery may have to file a facially sufficient motion on this basis within sixty days from the date of the issuance of the mandate in this case. Any such motion shall not be considered successive by the postconviction court. We note that if Towery is ultimately successful in having her negotiated plea set aside, then absent a new plea agreement she will be exposed to any legal sentences that could be imposed upon conviction of the charges.
Affirmed.
STRINGER and CANADY, JJ., Concur.
NOTES
[1] As part of the overall sentencing scheme, Towery received a three-year mandatory minimum sentence on each of the drug trafficking counts.