980 So.2d 1268 (2008)
Cedric McCREA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-4273.
District Court of Appeal of Florida, Second District.
May 9, 2008.
PER CURIAM.
Cedric McCrea challenges the order of the postconviction court summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. In affirming the postconviction court's order, we discuss only one of the claims raised in the motion.
McCrea pleaded no contest to the offenses charged in five trial court cases. In his motion, McCrea alleged that his sentencing *1269 guidelines scoresheet improperly contained prior record points for an attempted robbery conviction when he was not sentenced as an adult on that charge but instead was adjudicated delinquent. The postconviction court denied this claim, finding that in trial court case number 94-15498 the State had direct filed in adult court. The postconviction court did not consider that, even though McCrea was charged as an adult under the direct file provision of Florida Rule of Juvenile Procedure 8.105, the trial court could still have treated McCrea as a juvenile and imposed juvenile sanctions pursuant to section 39.059(7), Florida Statutes (1993).[1] In fact, although not part of the appellate record in this case, McCrea sent this court a copy of an order which purports to show that he was adjudicated delinquent in trial court case number 94-15498.
The transcript of the plea hearing shows that McCrea entered a negotiated plea to a specific term of years and that the trial court sentenced him in accordance with the negotiations.[2] However, McCrea's sentence of 43.275 months' imprisonment was the lowest permissible sentence under the sentencing guidelines scoresheet that was filed with the trial court at the time of the plea. In the motion, McCrea alleged that the plea agreement was for a bottom-of-the-guidelines sentence and he requested that he be resentenced under a corrected scoresheet. As a general rule, scoresheet errors are harmless when the sentence is the result of a negotiated plea agreement to a term of years. See Towery v. State, 977 So.2d 774 (Fla. 2d DCA 2008) (quoting Harris v. State, 810 So.2d 1093, 1094 (Fla. 5th DCA 2002)). However, if McCrea is able to allege that he would not have pleaded had he known that, absent the improper scoring of his juvenile record, the minimum guidelines sentence was lower than the one upon which his pleas were allegedly based, this would constitute a cognizable and facially sufficient claim that his pleas were involuntarily entered. See Towery. Were he successful in pursuing such a claim, he would be entitled to withdraw his pleas. Id.
We therefore affirm the order of the trial court without prejudice to any right McCrea may have to file a facially sufficient rule 3.850 claim in this regard within sixty days from the issuance of the mandate in this case. Any such motion shall not be considered successive by the trial court. An evidentiary hearing may be necessary to determine whether McCrea's plea agreement was premised upon the lowest permissible prison sentence under the sentencing guidelines. See Johnson v. State, 976 So.2d 698 (Fla. 2d DCA 2008). We note that if McCrea is ultimately successful in setting aside his plea agreement, he will, in the absence of a new plea agreement, be exposed to any legal sentences that could be imposed upon conviction of the offenses charged in the information. See Towery.
Affirmed.
FULMER, SALCINES, and VILLANTI, JJ., Concur.
NOTES
[1] Effective October 1, 1997, the Legislature transferred those portions of chapter 39 which dealt with juvenile delinquency proceedings to chapter 985. See Ch. 97-238, Laws of Fla.
[2] As part of the negotiations, the State allowed McCrea to plead to reduced offenses in two of the cases.