996 So.2d 922 (2008)
David RINCON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-3796.
District Court of Appeal of Florida, Fourth District.
December 3, 2008.
Rehearing Denied January 16, 2009.
David Rincon, Belle Glade, pro se.
No appearance required for appellee.
*923 PER CURIAM.
David Rincon sexually abused the 9-year-old victim in this case over a period of years and was charged with capital sexual battery and other offenses. On January 27, 2005, Rincon entered a negotiated plea to the lesser offense of attempted sexual battery on a child under twelve years of age by an offender over eighteen years of age. See § 794.011(2)(a), Fla. Stat. (2000). He also pleaded guilty to the first-degree felony of lewd and lascivious molestation of a child under twelve years of age by an offender over eighteen years of age. See § 800.04(5)(b), Fla. Stat. (2000). The state dismissed other charges, and pursuant to the plea agreement, Rincon was sentenced on each count to concurrent terms of ten years in prison followed by fifteen years of sexual offender probation.
On July 12, 2007, Rincon filed an amended motion for post conviction relief which abandoned his original rule 3.850 motion, and withdrew claims attacking his plea. See Rolling v. State, 825 So.2d 293, 295 n. 1 (Fla.2002) (finding that an amended motion raising two claims abandoned an additional twenty-nine claims that had been raised in summary fashion in the original motion). Rincon's amended motion explained that he was no longer seeking to withdraw his plea and did not want to void the plea agreement.
The state responded to the amended motion, and Rincon filed a reply to the state's response which addressed only the amended motion. The trial court entered an order denying the four claims raised in the amended motion, and Rincon appeals. We affirm.
The amended motion was filed beyond the time limit for filing a post conviction motion. See Fla. R.Crim. P. 3.850(b) (providing "[n]o ... motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final"). Because Rincon did not appeal his conviction and sentence, the time limit for filing a 3.850 motion began to run when the time for filing a notice of appeal expired, on or about February 26, 2005. See Caracciolo v. State, 564 So.2d 1163 (Fla. 4th DCA 1990). Although the original motion was filed on the last day of the two-year time limit, the trial court could not consider the untimely July 2007 amended motion pursuant to rule 3.850. Cf. Gaskin v. State, 737 So.2d 509, 517-18 (Fla.1999) (finding that the trial court was required to consider an amended motion filed within the time for filing a 3.850 motion and before the trial court had ruled on the originally-filed motion), except to the extent any grounds of the amended motion constituted mere enlargement of a timely filed claim. See Lanier v. State, 826 So.2d 460 (Fla. 1st DCA 2002).
Even on the merits, the amended motion lacks merit. Rincon argues that trial counsel was ineffective in failing to object to the sentences because the twenty-five year terms exceeded the maximum for a second degree felony. Rincon was charged with capital sexual battery under section 794.011(2)(a); the conviction for an attempt to commit a capital felony was properly classified as a first-degree felony. See § 777.04(4)(b), Fla. Stat. (2000). The lewd and lascivious molestation conviction under section 800.04(5)(b) was also a first-degree felony. The ten-year prison sentences followed by fifteen years of probation were within the thirty-year statutory maximum for a first-degree felony. See § 775.082(3)(b), Fla. Stat. (2000).
Nevertheless, Rincon argues that he could not be sentenced for offenses committed on a victim under twelve years of age because the information charged *924 that the offenses were committed between two dates, with the later date being the victim's twelfth birthday. The three claims premised on this argument are utterly without merit. By entering a plea, Rincon admitted that he sexually abused the victim while she was under twelve years of age. The inclusion of the date the victim attained twelve years of age in the information did not preclude the sentences in this case.
The allegations that counsel should have presented mitigating evidence at sentencing and should have objected to an alleged scoresheet error are also without merit. The claim of scoresheet error is premised on the same mistaken notion described above, and counsel was not deficient for failing to raise a frivolous issue. Further, Rincon cannot establish a reasonable probability that the outcome of this case would differ as he entered a negotiated plea and agreed to the specific sentence that he received. See Williams v. State, 825 So.2d 994, 996 (Fla. 4th DCA 2002) (finding that movant who did not want to withdraw his plea could not obtain relief based on a scoresheet error where the movant entered a negotiated plea to the specified sentence which did not exceed the statutory maximum).
Although the amended motion should have been dismissed as untimely or considered, to the extent possible, under rule 3.800(a), we affirm as the procedural error in how the motion was considered is harmless under these circumstances.
STEVENSON, GROSS and DAMOORGIAN, JJ., concur.