DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROGERO WRIGHT,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D13-3579
and 4D13-3580

[June 24, 2015]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John Kastrenakes, Judge; L.T. Case Nos. 10CF007543AMB and 10CF007545AMB.

Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Laura Fisher, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

In this consolidated appeal, Appellant Rogero Wright appeals the order denying his request for post-conviction relief from his alleged involuntary plea entered into for both cases. Appellant claims the plea was involuntary because the sentence associated with his plea was based on an erroneous scoresheet. For reasons discussed below, we disagree and affirm.

**Background**

Appellant was charged in each of the two cases with one count of sale of cocaine within 1000 feet of a place of worship. Appellant initially wanted to go to trial but then discovered that there was no basis for a downward departure from the sentencing guidelines for his offense; thus, he decided to negotiate a plea with the State. Ultimately, Appellant agreed to plead guilty as charged in one of the cases and then guilty to the lesser crime of sale of cocaine in the other case in exchange for sentences of twelve (12) years to run concurrently on each conviction. After a full colloquy of

Appellant, the trial court accepted the plea and so sentenced Appellant.

Appellant later moved for post-conviction relief under Florida Rule of Criminal Procedure 3.850(a)(5), arguing that the plea was involuntary because certain prior criminal charges were erroneously included on his sentencing scoresheet and, as his plea sentence was allegedly based on the minimum scoresheet sentence, he would not have pled guilty if he had known the correct scoresheet calculation because the minimum sentence was affected by the errors. An evidentiary hearing was held on the motion, at which Appellant's trial counsel testified to the circumstances surrounding the plea and sentencing issue. Counsel testified that it was Appellant's desire to plea straight up to the charges and then request a downward departure sentence; however, there was no basis for a downward departure. Counsel further testified that Appellant was initially offered a plea to the charges of a sentence of 12.5 years, but Appellant disputed the scoresheet calculation, claiming the scoresheet included prior convictions that were not his. Upon approaching the prosecutor with the question of the scoresheet's accuracy, the prosecutor would not change the scoresheet but agreed to reduce one of the charges and change the plea offer to a sentence of twelve years. Appellant then entered into the plea for twelve years even though the scoresheet remained unchanged. Counsel further stated that he was prepared to go to trial in the first case and the jury was waiting outside while the plea negotiations were happening.

Various scoresheets were admitted into evidence at the hearing. The first was the original scoresheet with the charges as Appellant was charged, showing a minimum sentence of 12.4 years. The second was a corrected scoresheet with a reduced charge for the second case and the correct priors, showing a minimum sentence of 9.98 years. The third was the scoresheet that Appellant pled to with a reduced charge for the second case and the original contested priors and showing a minimum sentence of 11 years. The last one was a scoresheet with the charges as charged and the correct priors listed, showing a minimum sentence of 11.4 years.

Appellant also testified at the hearing, asserting that he would have taken his chances and gone to trial in the cases if there was an accurate scoresheet showing a minimum sentence lower than the sentence offered by the State. He testified that he would not have taken a plea of ten years if the minimum sentence scored was ten years and that he took the twelve-year sentence plea only because trial counsel said he was not ready for trial.

The trial court found Appellant's testimony not credible and that

Appellant knew about the errors in the scoresheet at the time of the plea negotiations and, nonetheless, Appellant decided to take the plea even without a corrected scoresheet. The trial court issued an order denying Appellant's motion for post-conviction relief in both cases. Appellant now appeals that denial.

## Analysis

"The standard of review following denial of a rule 3.850 claim after an evidentiary hearing requires deference to the trial court's factual findings[, and the] legal conclusions of the trial court are reviewed *de novo*." *Brancaccio v. State*, 27 So. 3d 739, 740 (Fla. 4th DCA 2010) (citation omitted).

With a rule 3.850(a)(5) motion, the defendant has the burden of showing that his plea was not knowingly and voluntarily entered into. *Johnson v. State*, 60 So. 3d 1045, 1052 (Fla. 2011). We have repeatedly emphasized that "when a defendant enters a negotiated plea for a term of years relying upon an incorrectly calculated scoresheet, such sentence is not illegal if it does not exceed the statutory maximum[,]" yet the error may render the plea involuntary. *West v. State*, 935 So. 2d 123, 124 (Fla. 4th DCA 2006) (quoting *Williams v. State*, 825 So. 2d 994, 996 (Fla. 4th DCA 2002)). An error in the scoresheet could render a plea involuntary where the defendant shows that the sentence pled to was based on the minimum permissible sentence according to the erroneous scoresheet calculation and that the defendant would not have entered into the plea if he or she would had been aware of the correct sentencing range. *See Towery v. State*, 977 So. 2d 774, 775-76 (Fla. 2d DCA 2008).

In our instant case, the record indicates that the sentence offered to Appellant was not based on the amount calculated as the minimum sentence on the scoresheet, which is a distinguishing feature from *Towery*, upon which Appellant solely relies. There, "Towery pleaded to a specific term of 62.71 months' imprisonment, which was the exact amount of the minimum sentence under the erroneous scoresheet." *Id.* at 776. By contrast, the scoresheet utilized for Appellant's plea indicated a minimum sentence of eleven years, yet Defendant still agreed to twelve years. *Towery* is further distinguishable because of its procedural context. Both cases turn on the voluntariness of a negotiated plea in light of errors in a scoresheet. However, here, an evidentiary hearing was actually held to address the voluntariness of the plea after a facially sufficient motion was submitted to the court.

The record supports the trial court's finding that Appellant's plea was

voluntary where he knew about the scoresheet errors and further understood that the State was unwilling to change the scoresheet, yet he went ahead and negotiated the plea anyway. The testimony at the evidentiary hearing established that it was Appellant who brought the issue to trial counsel's attention, and then trial counsel discussed the erroneous scoresheet with the prosecutor. Based on those discussions, the prosecutor decided to reduce the charge in one of the cases and take off six months from the offered sentence. Knowing the scoresheet would not be corrected, Appellant accepted the new terms and the twelve-year sentence. The trial court conducted a full colloquy of Appellant, at which Appellant did not indicate any dissatisfaction with his attorney or the plea. Additionally, the trial court found Appellant's testimony at the evidentiary hearing—stating that (1) had he known that a corrected scoresheet with the reduced charge would have made the minimum sentence about ten years then he would have gone to trial instead of taking a plea and (2) that trial counsel said he was not prepared for trial—not credible.

## Conclusion

Where evidence was presented to support that Appellant voluntarily entered into the negotiated plea with knowledge of the alleged scoresheet errors and knowledge that a charge and the offered sentence were reduced after the alleged errors had been brought to the State's attention, we hold the trial court did not err in denying Appellant's post-conviction motion.

*Affirmed.*

CIKLIN and KLINGENSMITH, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***