Kuntz, J.
The defendant appeals an order denying his post-judgment motion for jail credit. We affirm the court’s order without prejudice for the defendant to raise issues regarding the voluntariness of his plea by motion pursuant to Florida Rule of Criminal-Procedure 3.850.
In 2015, the defendant was convicted of grand theft of a motor vehicle. The court withheld adjudication and sentenced him to probation. In 2016, he was charged with violating his probation and he pleaded to violation of probation, as well as a new, additional offense. The plea agreement provided for reinstatement of probation with special conditions including mitigating his term from 364 to 270 days, and for probation on the prior offense to terminate upon completion of his jail sentence for the new offense. The plea agreement also expressly provided that he would receive credit for 2 days of jail time served.
The defendant did not appeal, however, he filed a timely motion under Florida *853 Rule of Criminal Procedure 8.801 seeking additional credit for time served in the Broward County jail from May 6, 2016 to June 16, 2016. The court summarily denied the motion on the merits, stating that at the time of his plea to violation of probation and to the new offense, the defendant and his counsel agreed on the record that he should receive two days of credit for time served and that all other time would be waived.
We have held that jail credit may be waived when the waiver is specific, voluntary, and clear from the face of the record. White v. State, 995 So.2d 1172, 1173-74 (Fla. 4th DCA 2008) (citations omitted). In this case, the court’s conclusion is supported by the record.
However, in his pro se notice of appeal, the defendant included verified allegations that “he was not aware he didn’t receive credit for time served for the above until after-the-fact because he was on his medication valium to detox.” A claim that a plea was not knowingly and'voluntarily entered into is properly raised pursuant to Florida Rule of Criminal Procedure 3.850. See, e.g., Wright v. State, 174 So.3d 400, 402 (Fla. 4th DCA 2015). Therefore, our affirmance is without prejudice to the defendant’s right to file a motion under 3.850 concerning the voluntariness of his pleas. See, e.g., Walker v. State, 203 So.3d 192 (Fla. 4th DCA 2016).

Affirmed.

Conner and Forst, JJ., concur.