# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-0167
_____

CARDERRIAL WATSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
W. Joel Boles, Judge.

May 25, 2018

PER CURIAM.

Appellant, Carderrial Watson, appeals an order denying his postconviction motion brought pursuant to Florida Rule of Criminal Procedure 3.850. For the reasons discussed below, we affirm.

Watson was convicted of aggravated battery with a firearm and aggravated assault with a firearm. His convictions were affirmed on appeal, with the mandate issuing on March 18, 2015. *See Watson v. State*, 158 So. 3d 572 (Fla. 1st DCA 2015) (Table).

On February 28, 2017, Watson filed a rule 3.850 motion, arguing that his attorney was ineffective for failing to (1) argue that the victim's testimony did not support the element of fear of imminent violence, (2) object or seek suppression of ammunition found during a search of his home, (3) negotiate a plea deal, and

(4) impeach a witness with prior inconsistent statements. On July 3, 2017, the trial court struck the motion as facially insufficient and provided an opportunity to amend, pursuant to rule 3.850(f)(2). On August 8, 2017, Watson filed a rule 3.850 motion, arguing that his attorney was ineffective for (1) falsely promising to get his charges dropped after a successful appeal, and (2) failing to seek suppression of prior inconsistent statements. It was not labelled as an amended motion. On November 28, 2017, the trial court summarily denied the August 8 motion, construing it as an amended rule 3.850 motion that remained facially insufficient after an opportunity to amend.

It is not clear whether the August 8 motion was intended to amend the original rule 3.850 motion in response to the trial court's order, or whether it was meant to be an unrelated rule 3.850 motion. If the August 8 motion was intended as an unrelated rule 3.850 motion, it was untimely pursuant to rule 3.850(b) because it was filed more than two years after the judgment became final. Accordingly, it should have been denied.

If Watson meant for the August 8 motion to amend the February 28 motion, pursuant to the court's July 3 order, the court was still correct in denying it. The first claim in the August 8 motion is untimely, as it is not an enlargement of an issue raised in his original, timely rule 3.850 motion, and it was first raised more than two years after his convictions and sentences became final. *See Lanier v. State*, 826 So. 2d 460, 461 (Fla. 1st DCA 2002); Fla. R. Crim. P. 3.850(e) ("New claims for relief contained in an amendment need not be considered by the court unless the amendment is filed within the time frame specified in subdivision (b)."). Regarding the second claim in the August 8 motion, to the extent that it can be generously read as an enlargement of the fourth claim in the original motion, it remains facially insufficient after an opportunity to amend, and therefore was properly denied with prejudice. *See* Fla. R. Crim. P. 3.850(f)(2).

As to the claims raised in the February 28 motion that were not repeated in the August 8 motion, those claims were also properly denied. If Watson intended the August 8 motion to be an amended motion, it effectively abandoned any claims it failed to

raise. *See Rincon v. State*, 996 So. 2d 922, 923 (Fla. 4th DCA 2008). Conversely, if Watson meant for the August 8 motion to be an unrelated rule 3.850 motion, the February 28 claims would still be subject to denial due to his failure to raise them in an amended motion within the prescribed sixty-day time period. *See* Fla. R. Crim. P. 3.850(e) ("When the court has entered an order . . . granting the defendant an opportunity to amend the motion, any amendment to the motion must be served within 60 days."); Fla. R. Crim. P. 3.850(f)(2) (providing that if a defendant is given an opportunity to amend a facially insufficient motion and he fails to file an amended motion within the time provided, the trial court may summarily deny the motion with prejudice).

AFFIRMED.

OSTERHAUS, WINOKUR, and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Carderrial Watson, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.